HAWTHORNE, Justice.
 

 Plaintiff, Harry B. Rheuark, instituted this -suit in the Civil District Court for the Parish of Orleans against the Terminal Mud & Chemical Company, a partnership with its domicile in the Parish of Jefferson, and Carswell O. Hooper, Webb L. Russell, and Raymond C. Allen, alleged to be members of .the partnership, praying for judgment against the partnership and the above named members in solido for a large sum as damages for the alleged breach of a contract of employment.
 

 To plaintiff’s petition the defendant partnership and two of the alleged members, Hooper and Russell, filed an exception to the jurisdiction of the court ratione personae, on the ground that the domicile of the partnership, as alleged in plaintiff’s petition, was in the Parish of Jefferson. Defendant Raymond C. Allen filed an exception of no cause and no right of action, setting forth as the basis of the exception of no right of action that he was not, and never had been, a member of the partnership. The district court sustained the exception to the jurisdiction and the exception of no cause or right of action, and dismissed plaintiff’s suit. From this judgment he has appealed to this court.
 

 Plaintiff’s cause of action is based entirely on an alleged breach of a contract of employment entered into by him and the defendant partnership, Terminal Mud & Chemical Company, on August 28, 1944, and he prays that the court order an accounting between him and the partnership to determine the amount which he contends is due him on account of commissions al
 
 *735
 
 leged' to be earned under his employment, and for judgment for any amount shown to be due by said accounting, and also for damages for the alleged breach of the contract.
 

 On the trial of the exceptions in the district court, testimony was adduced, without objection, which disclosed that one of the alleged members of the partnership, Raymond -C. Allen, was not a member of the partnership, and that one of the partners, Webb L. Russell, was a resident of the Parish of Orleans. The residence of Hooper was alleged to be in the Parish of Orleans, and no evidence was adduced to the contrary. It is admitted by all parties that the defendant partnership is domiciled in the Parish of Jefferson.
 

 To support his contention that the plea to the jurisdiction is without merit, plaintiff relies on Article 165(6) of the Code of Practice, which provides that, when the defendants are joint or solidary obligors, they may be cited at the domicile of any one of them. From this he argues that on a partnership obligation the defendant commercial partnership and its members can be sued in the Parish of Orleans, the domicile of one of its members, even though the partnership is domiciled in the Parish of Jefferson.
 

 One of the exceptions to the rule which requires that a defendant be sued before the judge having jurisdiction over the place of his domicile or residence is found in Article 165(2) of the Code of Practice, which reads as follows: “Partnership. In matters relative to the partnership, as long as the partnership continues, in all suits concerning it the parties must be cited to appear before the tribunal of the place where it is established, or if there are several establishments, before that of the place where the obligation was entered into.”
 

 It is not alleged that defendant partnership has more than one establishment, or that the obligation was entered into in the Parish of Orleans. Moreover, it is to be observed that this is not an action for a tort committed in the Parish of Orleans.
 

 Article 2872 of the Revised Civil Code provides that commercial partners are-bound in solido for the debts of the partnership, and under Article 165(6) of the Code of Practice, when the defendants are solidary obligors, they may be cited at the domicile of any one of them. But, regardless of this, we are of the opinion that the exception to the jurisdiction ratione personae as to the partnership, filed in this case, has merit, and that the lower court properly sustained it under the plain provisions of Article 165(2) quoted herein-above.
 

 Commercial partners are bound in solido for the debts of the partnership in the sense that they and each of them may ultimately be required to pay the whole of its debts; yet such solidary obligation is not a primary one, and, until the debt is established contradictorily with the part
 
 *737
 
 nership, so long as it exists, there is no debt within the meaning of Article 2872 of the Civil Code which can be enforced against the individual partners, and the partnership is a necessary party to the liquidation of such a claim. In other words, that liability does not become enforceable against the individual members who compose the commercial partnership separately and apart from the firm until it has been dissolved; so long as it continues, they must be sued through and with it. See E. B. Hayes Machinery Co. v. Eastham, 147 La. 347, 84 So. 898, and authorities therein cited.
 

 For these reasons, we do not think that in the instant case defendants are joint or solidary obligors within the contemplation of Article 165(6) of the Code of Practice, and hence this paragraph has no application. But Paragraph (2) of the article is applicable because this is a matter relating to S partnership, and the partners must be cited to appear before the tribunal of the place where the partnership is established. The plaintiff relies on Klotz v. Tru-Fruit Distributors et al., La.App., 173 So. 592, in urging us to reach a contrary conclusion. We have read that case carefully and do not consider that it supports his contention.
 

 The exception as to Hooper and Russell might properly have been one of venue rather than of jurisdiction ratione personae. However, we consider the contentions supporting the exception to have merit, and the venue of the instant suit is in the Parish of Jefferson, the admitted domicile of the defendant partnership.
 

 In the exception of no cause and no right of action filed by the defendant Allen, he urges that there is no right of action for the reason that he is not, and never has been, a member of the partnership. Although this contention is urged in support of the exception of no right of action, it in no way challenges plaintiff’s right or capacity to institute the instant suit, but is aimed at a lack of legal cause or reason for the action.
 

 Testimony was adduced without objection in support of the contention, and, had timely objection been made, the admission of this testimony would have been error, because testimony is not admissible to show no cause of action. Duplain v. Wiltz, La.App., 174 So. 652. However, since it was introduced without objection, it had the effect of enlarging the pleadings and may be considered as though written in the petition. Further, the testimony, which is not rebutted or denied, shows conclusively that Allen is not, and has never been, a member of the partnership, and this testimony was therefore properly considered by the trial judge in sustaining the exception filed by this exceptor.
 

 In the case of Phillips v. New Amsterdam Casualty Co. et al., 193 La. 314, 190 So. 565, this court held that, when evidence tending to show no cause of action is introduced without objection, the pleadings
 
 *739
 
 are enlarged by the evidence, and it may be considered as though -written in the petition. In that case, as in this one,. the plaintiff allowed the testimony to be taken without objection and participated in the cross-examination of the witnesses tendered by the defendant.
 

 For the reasons assigned, the judgment appealed from is affirmed; plaintiff-appellant to pay all costs of this appeal.
 

 FOURNET, J., absent.