### Violet Moore BENROTH
### v.
### CONTINENTAL CASUALTY COMPANY
### and
### Employers Casualty Company.
### Civ. A. No. 4515.

United States District Court
W. D. Louisiana, Shreveport Division.
July 6, 1955.

Tucker, Bronson & Martin, Shreveport, La., for plaintiff.

Deutsch, Kerrigan & Stiles, New Orleans, La., for defendant Continental Cas. Co.

Simon & Carroll, Shreveport, La., for defendant Employers Cas. Co.

DAWKINS, Jr., Chief Judge.

On July 11, 1953, Harry J. Benroth, plaintiff's husband, was killed in an automobile accident which occurred on Louisiana Highway 8, near Shreveport, when the car in which he was riding collided with a Chevrolet automobile being driven by one Jules Fogel. The latter vehicle was owned by Mrs. Flora Loeb, Fogel's mother-in-law, but had been loaned to him while she and her daugh-

ter, Mrs. Fogel, were away on a vacation trip in the Fogels' Oldsmobile.

Operation of the Chevrolet was insured against public liability by Continental Casualty Company (called Continental), its policy having limits of liability of $25,000 for injuries or death sustained by one person in one accident. This policy contained the usual omnibus clause, and covered Fogel while he was driving the car. He also had a public liability policy, issued to him by Employers Casualty Company (called Employers), covering operation of the Oldsmobile, with liability limits of $100,000 for injuries or death of one person in one accident, this policy containing the following proviso:

"18. *Other Insurance—Coverages A, B, D, E–1, E–2, F, G–1, H and I.* If the Insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to *temporary substitute automobiles* under Insuring Agreement IV or *other automobiles* under Insuring Agreement V *shall be excess insurance over any other valid and collectible insurance available to the Insured, either as an Insured under a policy applicable with respect to said automobiles or otherwise.*" (Emphasis supplied.)

In this suit [1], invoking the Louisiana Direct Action Statute, LSA–R.S. 22:655, Mrs. Benroth sued Continental and Employers, directly and without joining Fogel, for $111,401.99, as his liability insurers under the two policies described. She claims that her husband's death resulted solely and proximately from Fogel's negligence in his operation of the Chevrolet.

After certain preliminary defense motions were filed and overruled, both defendants answered, denying liability. Thereafter, on March 19, 1955, plaintiff settled with Continental, and pursuant thereto executed the following instrument:

"Receipt of Payment and Release

"Whereas, Mrs. Violet Moore Benroth is unwilling to accept less than Forty-five Thousand ($45,000.00) Dollars in complete settlement of her claims arising out of the death of her husband, Harry J. Benroth, and

"Whereas, Continental Casualty Company desires to protect and to indemnify its named insured, Mrs. Flora Loeb, and its omnibus assured, Jules Fogel, in the full sum of Twenty-five Thousand ($25,000.00) Dollars, in accordance with the terms and provisions of that certain insurance policy hereinafter described, and

"Whereas, Employers Casualty Company, the excess liability insurer of the legal liability of Jules Fogel for all amounts in excess of Twenty-five Thousand ($25,000.00) Dollars arising out of said hereinafter described accident, has denied that its policy of insurance covers said Jules Fogel for said hereinafter described accident, and is unwilling to make any satisfactory payment in settlement of the claims of the undersigned, Mrs. Violet Moore Benroth;

"Now, Therefore, in consideration of the payment to the undersigned, Mrs. Violet Moore Benroth, of the sum of Twenty-three Thousand Five Hundred and No/100 ($23,500.00) Dollars, together with other good and valuable considerations, which said total considerations the said undersigned, Mrs. Violet Moore Ben-

1. Jurisdiction being based on diversity of citizenship, plaintiff being a Louisiana citizen, and both defendants nonresident corporations.

roth, declared to be worth to her the sum of Twenty-five Thousand ($25,000.00) Dollars, but not in excess thereof, said payment being made by Continental Casualty Company under that certain policy of liability insurance bearing No. CA6441379 issued in favor of Mrs. Flora Loeb, as the named insured, and covering the legal liability of the said Mrs. Flora Loeb, and anyone operating her Chevrolet automobile, therein insured, such as Jules Fogel, within the terms and provisions of said insurance policy;

"Now, Therefore, the undersigned, Mrs. Violet Moore Benroth, does hereby acknowledge the receipt of said Twenty-five Thousand ($25,000.00) Dollars of consideration paid by said Continental Casualty Company and releases, acquits and forever discharges Continental Casualty Company from any and all actions, claims, demands, damages and expenses arising out of, or in any way connected with that certain accident, and death of Harry J. Benroth, that occurred on July 11, 1953, on Louisiana Highway 8 about one (1) mile South of Vivian, Louisiana, including her claims as asserted against said Continental Casualty Company in Civil Action 4515 on the docket of the U. S. District Court for the Western District of Louisiana, entitled 'Violet Moore Benroth v. Continental Casualty Company and Employers Casualty Company', as said asserted claims are legally limited and altered as to Continental Casualty Company by virtue of the fact that under its policy of insurance, Continental Casualty Company is the primary insurer only to the extent of Twenty-five Thousand ($25,000.00) Dollars, and under its policy of insurance, Employers Casualty Company is liable only as excess insurer, and, accordingly, there would be no liability in solido.

"In further consideration of said payment and other valuable consid-erations, as above described, made by said Continental Casualty Company, the undersigned, Mrs. Violet Moore Benroth, does further grant a credit to Jules Fogel and/or Mrs. Flora Loeb of the sum of Twenty-five Thousand ($25,000.00) Dollars to be first applied toward and in liquidation of any judgment that may be obtained against the said Jules Fogel and/or Mrs. Flora Loeb, arising out of said above described accident of July 11, 1953, and death of Harry J. Benroth, and does release her said claims up to the sum of Twenty-five Thousand ($25,000.00) Dollars, but no further, against the said Jules Fogel and/or Mrs. Flora Loeb; and, as respects Employers Casualty Company, the excess liability insurer of Jules Fogel, Mrs. Violet Moore Benroth acknowledges that as to her rights to claim damages of every nature and kind whatever arising from said accident of July 11, 1953, and the death of Harry J. Benroth, same have been satisfied by virtue of the above payment and consideration up to the sum of Twenty-five Thousand ($25,000.00) Dollars, but no further, being the limits of liability of Continental Casualty Company under the terms of its policy above described.

"It is expressly understood and agreed that the undersigned, Mrs. Violet Moore Benroth, does hereby expressly and specifically reserve all of her rights of every nature and kind whatever arising from said accident and the death of Harry J. Benroth, if any, against any and all other individuals, persons, firms, and/or corporations who are legally liable unto her as a result thereof, except Continental Casualty Company, and without limiting the generality hereof, particularly against Thomas Burton Norris, Bobby Jo Harrell, and/or his parents or parent, tutor or tutrix believed to be Mr. and Mrs. Duke Harrell, their

insurers, if any. It is further expressly understood and agreed that the undersigned, Mrs. Violet Moore Benroth, expressly and specifically reserves all of her rights of every kind whatever, in excess of Twenty-five Thousand ($25,000.00) Dollars, against the said Jules Fogel and/or Mrs. Flora Loeb, arising out of said accident of July 11, 1953, and the death of Harry J. Benroth, and, she does expressly and specifically reserve all of her rights, with respect thereto, as against Employers Casualty Company, the excess liability insurer of Jules Fogel.

"It is expressly understood and agreed that this payment by Continental Casualty Company is made under its said contract of insurance and that this payment is not to be construed as an admission of liability on the part of anyone. This release contains the entire agreement between the parties hereto and the terms are contractual. The undersigned states that she has carefully read the foregoing document, understands it contents, and has signed same as her own free act and deed and upon the advices of her counsel, Horace M. Holder, who signed same as a witness hereto."

Pursuant to this agreement, counsel for plaintiff and Continental jointly executed this stipulation of dismissal:

"It is hereby stipulated between the undersigned counsel of record that this suit is hereby dismissed as to Continental Casualty Company, but no further, and with all rights being expressly reserved by plaintiff against Employers Casualty Company, defendant."

In keeping with the stipulation, on March 26, 1955, we signed the following order:

"Considering the stipulation between Counsel of record herein representing plaintiff, Mrs. Violet Moore Benroth, and, defendant, Continental Casualty Company, that this suit be dismissed as to Continental Casualty Company, with prejudice as to plaintiff, and with all rights being expressly reserved by plaintiff as against Employers Casualty Company, the remaining defendant,

"It Is Ordered that this suit be, and it is hereby dismissed with prejudice, as to Continental Casualty Company, but no further, and with all rights being expressly reserved to plaintiff herein against Employers Casualty Company, the remaining defendant, and without prejudice as to Employers Casualty Company, the remaining defendant. The right to object to this order is expressly reserved to Employers Casualty Company."

Shortly thereafter Employers filed the following motions, which have been submitted and now are ready for decision: Motion to strike, or, in the alternative to set aside order of March 26, 1955; motion to dismiss for failure to state a claim upon which relief can be granted; motion to dismiss for lack of indispensable parties; and a plea of res adjudicata.

We have studied, with considerable interest, the respective briefs and authorities submitted in support of, and in opposition to, these motions. Frankly, our initial reaction was that plaintiff had "settled herself completely out of Court", and we so advised Employers' counsel at the hearing. Upon further reflection, however, and after careful analysis of the applicable authorities, we are convinced that our first impression was wrong and that the pending motions filed by Employers must be overruled.

The gravamen of these motions is that:

1.) Continental was the "primary" liability insurer of Fogel, up to $25,000, and Employers was the "excess" carrier, above that sum to its policy limits.

2.) By settling with Continental plaintiff sought to "split" her single cause of action arising from Fogel's alleged negligence, in contravention of Louisiana law.

3.) By having the suit dismissed with prejudice as to Continental, and since Fogel is not a party, no one is left against whom primary liability may be established, a condition precedent to holding the excess carrier liable.

4.) There is no showing of an "exhaustion" of the primary coverage, which also is a condition precedent to liability on the part of the excess carrier.

5.) The judgment of dismissal as to Continental is *"res adjudicata"* as to Fogel, and hence as to Employers, since its liability is dependent upon Fogel's.

6.) Since neither Fogel nor Continental is now in the suit, the presence of one or the other of them being essential to a determination of primary liability in order that a "whole" judgment may be rendered, there is a lack of indispensable parties.

7.) A multiplicity of actions will or may result; and,

8.) Plaintiff is not "the injured person or his or her heir" within the meaning of the Louisiana Direct Action Statute.

These points will be disposed of seriatim:

1.) It is not disputed—in fact it is conceded, even argued, by everyone —that as to "Bodily Injury Liability", Continental here was the primary insurer to $25,000, and Employers the excess carrier above that sum to its policy limits of $100,000. The policies themselves so provide. But we believe it is equally clear that Employers also was a primary insurer, with Continental, as to Paragraph II of its policy, covering "Defense, Settlement, Supplementary Payments", etc.[2]

2.) There is no question but that Louisiana law forbids the "splitting" of tort claims in the ordinary situation, and that a plaintiff who sues for less than his whole damage waives his right to recover more than the amount originally sued for, unless he amends his complaint to include it.[3] Plaintiff here, however, has not "split" her cause of action, within the meaning of that term as used in the Louisiana jurisprudence cited. She sued originally, as she was forced to do by the very terms of Employers' policy, upon "conjunctive" obligations[4] allegedly arising from a single tort. From the beginning she has asserted, and now asserts, but a single cause of action—damages for the allegedly wrongful death of her husband— against Fogel's two insurers, primary and excess, the former having been released and dismissed from the suit. She was compelled to use a "split" remedy to enforce her one cause of action. Where "a conjunctive obligation is created, * * * payment may be severally paid or enforced".[5] By settling with Continental she released that defendant as a primary obligor, but has retained her rights against Employers as the excess carrier. It is the policy of the law to favor settlements, and this plaintiff should not be punished for having done so here.

3.) No "primary" liability, as such, needs to be established in order for Employers to be held. The jury will decide a) whether Fogel was guilty of negligence, as alleged in the complaint. If not, that ends the case. If so, then the jury also must decide b) how much plaintiff is entitled to receive. If this figure is fixed at $25,000 or less, then Employ-

2. Continental Casualty Company v. Curtis Publishing Company, 3 Cir., 94 F.2d 710; United States Fidelity & Guaranty Company v. Church, D.C., 107 F.Supp. 683.

3. Fortenberry v. Clay, La.App., 68 So.2d 133, and authorities therein cited. See also Case Note, XIV La.Law Review 905.

4. LSA–Civil Code, Art. 2063: "A conjunctive obligation is one in which the several objects in it are connected by a copulative, or in any other manner which shows that all of them are severally comprised in the contract. This contract creates as many different obligations as there are different objects; and the debtor, when he wishes to discharge himself, may force the creditor to receive them separately."

5. LSA–Civ.Code, Art. 2065.

**276**

ers has no "excess" liability. If the figure is for more than $25,000, then Employers is liable for the amount in excess of that sum, to its policy limits.

■ 4.) Paragraph 18 of Employers' policy makes no requirement that there be an "exhaustion" of the primary coverage, i. e., that plaintiff must have received $25,000 *in cash* from Continental as a condition precedent to recovery from Employers. It is sufficient, we think, that Fogel and Employers *received credit* from plaintiff to that amount, even though she was paid something less ($23,500) than that sum.[6] Plaintiff expressly has given them that credit in the "Receipt of Payment and Release" executed by her on March 19, 1955, a duplicate original of which now is in this record.

■ 5.) The judgment of dismissal as to Continental signed on March 26, 1955, is not "*res adjudicata*" as to Fogel except as to that part of plaintiff's claim amounting to $25,000 or less. Employers could not be held liable to plaintiff in any amount awarded for $25,000 or below, and by the same token Employers was not a solidary obligor of Fogel or Continental to that extent. It is a solidary obligor of Fogel, but not of Continental, for any liability above that amount. Fogel has not been released from liability by plaintiff. He simply has been credited with $25,000 against her claims. If she legally is entitled to recover, he remains liable to plaintiff for any amount above $25,000 and Employers would be solidarily liable with him to that extent. Of course, it would be bound to pay for him and itself any judgment up to the limits of its policy. Consequently, the judgment of dismissal as to Continental, legally and by its express terms, is limited in effect. It is not *res adjudicata* as to Employers.

[8] 6.) By the express terms of the Louisiana Direct Action Statute, LSA–R.S. 22:655, plaintiff had the right to sue Fogel's two insurers directly and alone. Lumbermen's Mutual Casualty Company v. Elbert, 348 U.S. 48, 75 S.Ct. 151. Fogel was not even a necessary party, much less an indispensable one. All indispensable parties defendant were named as such in the original complaint. One of them now has made its peace with plaintiff and has been dismissed. Even in its absence, however, the jury still may make its determination of "primary" liability by deciding 1) whether there is *any* liability, and if so, 2) how much. Based upon the verdict, the Court's "whole" *judgment* will fully protect Employers against any liability below or above the terms of its policy.

■ 7.) A multiplicity of actions will not result. If the jury finds that plaintiff is not entitled to recover, that is the end of her case and Continental will have paid her $23,500 for no good purpose. If it finds she is owed damages, and fixes them at $25,000 or less, she still will take nothing because of her settlement with Continental and credit to Fogel. If she is awarded more than $25,000, Employers must pay such sum, up to its policy limits, which most likely would not be exceeded; and a verdict above those limits would be reduced at least to the limits by the Court. It is readily seen, therefore, that this is the first and last suit to be brought as the result of this accident.

■ 8.) Since plaintiff is the sole surviving heir[7] of her husband, who left no living ascendants or descendants, she clearly is his "heir" within the meaning of the Direct Action Statute and it is unnecessary that we pass upon the meaning of the words "injured person" as used

---

6. Zeig v. Massachusetts Bonding & Insurance Company, 2 Cir., 23 F.2d 665.

7. LSA–Civil Code, Art. 915: "When either husband or wife shall die, leaving neither a father nor mother nor descendants, and without having disposed by last will and testament of his or her share of the community property, such undisposed of share shall be inherited by the surviving spouse in full ownership. * * "

therein. In another case we held that "injured person" includes the "survivors" mentioned in article 2315 of the LSA–Civil Code.

For the reasons given, all pending motions by Employers, as set forth above, are hereby overruled and denied.