SAVOY, Judge.
This suit was filed by plaintiff as the subrogee of Norman L. Abadie. Abadie and defendant entered into a lease of a building owned by Abadie and situated in the City of Lake Charles, Louisiana. A fire occurred in the premises, and plaintiff, as the insurer of the building, paid Abadie for the loss according to the terms of the policy. Abadie subrogated his claim to plaintiff, who sued defendant alleging negligence on the part of defendant’s employee in causing the fire. Defendant filed an *79 exception of no cause of action which was maintained by the district court. Plaintiff has appealed.
Counsel for appellee contends in brief and oral argument that there existed an agreement between Abadie and defendant, that this is a matter of contract between the parties, and plaintiff, as subrogee, has no greater rights than plaintiff and cannot sue in tort. His basis for this position is paragraph 6 of the lease between Abadie and defendant, which provides:
“The lessor agrees to keep the premises insured against fire and other perils and the lessee agrees to keep all contents of the premises insured against fire and other perils.”
It might be noted here that the court erroneously allowed the lease agreement into evidence on the exception of no cause of action. This is prohibited by LSA-C.C.P. Article 931. However, upon questioning of both counsel by this Court, the parties agreed that we could consider the lease in arriving at a decision in the instant case.
Counsel for appellant argues that paragraph 6 of the lease mentioned herein does not exempt defendant-lessee from liability for damage caused to the lessor’s building by fire negligently caused by defendant’s employees. He states, and we agree, that there is nothing in the lease which indemnifies or holds lessee harmless for his negligence or negligence imputable to him.
The obligations of the lessee are governed by the lease agreement and the law dealing with the subject. LSA-C.C. Articles 2317 and 2721 provide:
LSA-C.C. Article 2317:
“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.”
LSA-C.C. Article 2721:
“The lessee is only liable for the injuries and losses sustained through his own fault.”
The courts of this state have held that an indemnity or hold harmless clause exempting one from liability based upon his own negligence must be expressly stated and clearly stipulated. Buford v. Sewerage and Water Board of New Orleans, 175 So. 110 (La.App.Orl.1937), and Mills v. Fidelity and Casualty Company of New York, D.C., 226 F.Supp. 786 (1964).
For the reasons assigned the judgment of the district court is reversed, and the case is.remanded to the district court for further proceedings consistent with the views expressed herein.
Court costs to await final determination in the district court.
Reversed and remanded.