323 So.2d 173 (1975)
NORTH CENTRAL UTILITIES, INC., Plaintiff-Appellant,
v.
Norris SARVER and Richard Sarver et al., Defendants-Appellees.
No. 5228.
Court of Appeal of Louisiana, Third Circuit.
November 20, 1975.
Rehearing Denied December 17, 1975.
*174 Joseph D. Guerriero, Monroe, for plaintiff-appellant.
Stafford, Pitts & Stafford, Grove Stafford, Jr., Alexandria, Baggett, Hawsey, McClain & Morgan, by R. Scott McClain, Lake Charles, for defendants-appellees.
Before MILLER, WATSON and CUTRER, JJ.
MILLER, Judge.
Plaintiff North Central Utilities, Inc. appeals the judgment dismissing its suit against defendant First Federal Savings & Loan on an exception of no cause of action. The trial court held North Central failed to allege First Federal was bound in *175 solido for its co-defendants' (the Sarvers') obligations. The suit against the Sarvers is pending. We affirm.
North Central and Norris and Richard Sarver entered into a written contract whereby North Central was to construct a sewerage system. North Central alleges the Sarvers did not pay for the system and are indebted for the balance of the contract price together with other described damages. The claim against First Federal is based on alleged oral promises to pay Sarvers' debt in order to get construction started and a letter by First Federal's loan officer confirming this. The letter is in the record by joint stipulation of the parties and states:
This will confirm that this Association has committed to finance this development and funds are available.
North Central argues on appeal the trial court erred in considering the letter in deciding the exception. We do not agree.
Although LSA-C.C.P. 931, prohibits evidence to support or controvert the objection that a petition fails to state a cause of action, North Central's petition was amended by the stipulated filing of the letter in the pleadings. The filing of the letter constitutes an amendment to the petition, and the trial court properly considered this amendment in deciding the exception of no cause of action. Rheuark v. Terminal Mud and Chemical Company, 213 La. 732, 35 So.2d 592 (1948). See also General Accident, Fire & Life Assurance Corp. Ltd. v. J. B. Glen, 261 So.2d 78 (La.App. 3 Cir. 1972), where a document was considered with consent of both parties.
We distinguish American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510, 512 (1970). The court there held C.C.P. 931 overruled the pre-code jurisprudential exception to the general rule prohibiting evidence on the trial of the exception of no cause of action. Under the exception to the rule evidence had been permitted on trial of an exception of no cause of action where the sole issue related to the existence or non-existence of certain words in a written document.
Here the document, the written letter, is not evidence admitted at the trial of the exception but was incorporated into the pleadings by its stipulated introduction into the record prior to arguing the exception. The pleadings were amended by the stipulation. LSA-C.C.P. 1154.
North Central alleged that First Federal's officers orally promised to pay sums due North Central under North Central's contract with the Sarvers in order to get construction started. They alleged this was confirmed in the quoted letter.
We reject North Central's claim that First Federal's letter is a guarantee to pay the indebtedness which may or may not be owed by the Sarvers.
North Central also claims its allegation that First Federal is bound in solido entitles it to a dismissal of the exception because oral testimony is permissible to establish a primary obligation. The intent to be bound in solido under LSA-C.C. 2093 must be express. Such an express stipulation in an oral contract would be a matter for proof at trial. However, to avoid the strictures of LSA-C.C. 2278(3) against parol evidence, the petition must allege a primary liability on the part of First Federal.
North Central's pleadings make First Federal's liability contingent on the Sarvers becoming obligated under the contract. This is a derivative or secondary liability. We hold the allegation of solidary liability, which is here based upon contingent liability, to be a secondary liability and reject the contention it is primary. North Central's pleadings allege only a surety relationship.
We find North Central's petition to allege only an oral promise of surety. *176 The combined effect of the two Civil Code requirements that the promise to pay the debt of a third party be express, LSA-C.C. 3039, and that no parol evidence be allowed, LSA-C.C. 2278(3), have been interpreted to require that promise to be in writing. Guillot v. Guillot, 141 La. 81, 74 So. 702 (1917). It must be over the signature of the party to be charged. 74 So. at 703. Since North Central did not allege a written confirmation of the alleged oral promise to pay, the exception of no cause of action was properly sustained.
The trial court judgment is affirmed at appellant's costs.
Affirmed.