327 So.2d 154 (1976)
Mrs. Yvonne HONEYCUTT et al., Plaintiffs-Appellants,
v.
TOWN OF BOYCE, Louisiana, et al., Defendants-Appellees.
No. 5313.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1976.
Rehearing Denied March 4, 1976.
Writ Granted April 27, 1976.
*156 Michael M. Wahlder, Alexandria, and Voorhies & Labbe, by Mark Bienvenu, Lafayette, for plaintiffs-appellants.
James C. Downs, Alexandria, for defendants-appellees.
Before MILLER, WATSON and CUTRER, JJ.
WATSON, Judge.
Mrs. Yvonne Honeycutt, widow of Merlin Honeycutt, and decedent's two children by a prior marriage, Lonnie Honeycutt and Mrs. Diana Honeycutt Daley, filed this suit against defendants, the Town of Boyce, Louisiana, and Jim Hillman, individually and as Marshal of the Town of Boyce, to recover damages for Merlin Honeycutt's death. Marshall Hillman shot Honeycutt on or about January 8, 1973, while serving a warrant from the Town of Boyce for Honeycutt's arrest. It was stipulated that the cause of Honeycutt's death was Hillman's shot.
Defendant Boyce filed an exception of no cause of action to plaintiffs' petition and this exception was sustained by the trial court on the basis that the Town was not liable for a tort committed by an elected official such as the Town Marshal. Plaintiffs have appealed from the trial court's dismissal of their suit as to Boyce.
Exceptions of judicial estoppel and no right of action and a motion for summary judgment also filed by defendant Boyce were overruled by the trial court prior to judgment on the exception of no cause of action. The exceptions and motion were based on a release of Hillman "in his capacity as deputy sheriff" signed by all plaintiffs. Defendant Boyce has answered plaintiffs' appeal asking that, in the event the trial court's judgment sustaining defendant's exception of no cause of action is overruled, the exceptions of judicial estoppel and no right of action be sustained and that summary judgment be granted.
Plaintiffs have moved to dismiss Boyce's answer to the appeal. We will consider first the motion to dismiss.
Motion to Dismiss
LSA-C.C.P. art. 1005[1] requires that estoppel, extinguishment of the boligation in any manner, and transaction or compromise be pleaded as affirmative defenses in the answer. The answer of Boyce "reiterates and reurges" (TR. 32) the pleas of judicial estoppel and no right of action and the motion for summary judgment filed prior to answer. Therefore, judicial estoppel and no right of action and the motion for summary judgment have been timely pleaded. Compare *157 Brooks v. Fondren, 199 So.2d 588 (La.App. 3 Cir. 1967). Although not the basis for the trial court's dismissal, these defenses may be considered by this court to the extent that they are supported by the record. Roloff v. Liberty Mutual Insurance Company, 191 So.2d 901 (La.App. 4 Cir. 1966); LSA-C.C.P. art. 21642;[2] see also 28 La.L.R. 406-408; Allen v. Michell, 303 So.2d 214 (La.App. 4 Cir. 1974); LSA-C.C.P. art. 2163[3]. Plaintiffs' motion to dismiss the answer to the appeal is denied.
Issues
The other issues for decision are:
(1) Was the trial court correct in sustaining the exception of no cause of action on the theory that Boyce was not responsible for its Marshal's actions because there was no element of control?
(2) Are plaintiffs barred from pursuing this suit because of a release of Hillman in a federal suit in his capacity as deputy sheriff and, if so, is the proper disposition judicial estoppel, no cause of action or summary judgment?
I. The trial court granted Boyce's exception of no cause of action on the basis advanced by Boyce's counsel, the rationale of the trial court being that:
"As Jim Hillman was an elected official carrying out the functions authorized to him by State Statute and no allegations of direction or control are presented in the petition whereby the Town of Boyce whose duties and responsibilities are likewise set out by Statute could have controlled the conduct of this elected official, there are no properly pled facts whereby the Town of Boyce can be held responsible for the general law enforcement duties of the elected marshal. Consequently, the plaintiff's petition against the Town of Boyce does not state a cause of action and the suit is dismissed at plaintiff's costs." (TR. 116)
The test of control applied by the trial judge is based on the language of LSA-C.C. art. 2320:
"Art. 2320. Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it."
The history of LSA-C.C. art. 2320 is that the restriction on the liability of masters in the third paragraph has been read out of the text because it virtually nullifies any liability of masters for the acts of their servants. Johnson v. Butterworth, 180 La. *158 586, 157 So. 121 (1934). [3a] The test for vicarious liability under this article is not whether the employer could have controlled or prevented the act causing the damage but whether the employee was in the scope of his employment at the time the damage occurred. LeBrane v. Lewis, 292 So.2d 216 (La., 1974). The jurisprudence is thus in accord with the general language of LSA-C.C. art. 2317[4] which provides that we are responsible for the damage:
". . . caused by the act of persons for whom we are answerable, . . ."
It is clear that in the instant case Marshal Hillman was performing a duty incident to his employment at the time he shot Honeycutt. Although the Marshal of the Town of Boyce is an elected official (LSA-R.S. 33:381), whose functions are provided by statute (LSA-R.S. 33:423), the answer of Marshal Hillman admits that, at the time of Honeycutt's shooting, he was acting in his capacity as Marshal of the Town of Boyce, was dressed in some of the paraphernalia of the Marshal of the Town of Boyce and was serving a warrant of arrest as Marshal of the Town of Boyce. See Jones v. City of Lake Charles, 295 So.2d 914 (La.App. 3 Cir. 1974), where the City was held liable for the tortious conduct of its police officers who were acting under orders from the elected Mayor of the City.
The trial court erred in sustaining defendant Boyce's exception of no cause of action, on the basis that Boyce had no control over its Marshal's actions.
II. Exceptions of judicial estoppel and no right of action and a motion for summary judgment by Boyce are all based on a release executed by plaintiffs in August, 1973, which states that plaintiffs release and discharge Jim Hillman in his capacity as Deputy Sheriff of the Parish of Rapides in connection with a federal suit.
The release states that plaintiffs:
". . . do hereby expressly release, relinquish, acquit and forever discharge Jim Hillman in his capacity as Deputy Sheriff in and for the Parish of Rapides, the said Hillman's insurers as set forth above, the Louisiana Sheriff's Association, Marshall T. Cappel, individually and in his capacity as Sheriff of Rapides Parish and all of Sheriff Cappel's deputies and/or employees in connection with any liability of the above stated acts or omissions." (TR. 71)
Defendant Boyce contends that the release of Hillman in his capacity as deputy sheriff also releases him generally and that the release of Hillman precludes any vicarious liability of the Town of Boyce.
The release acknowledges receipt of a total of $40,750 by plaintiffs divided as follows:

Lonnie Honeycutt: $ 4,750
Diana Honeycutt Daley: $ 4,750
Mrs. Yvonne Honeycutt: $31,250

The general Louisiana law of compromise is LSA-C.C. art. 3071:
"Art. 3071. A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.

*159 This contract must be reduced into writing."
The language of LSA-C.C. art. 3073 indicates that a compromise can be limited by its terms:
"Art. 3073. Transactions regulate only the differences which appear clearly to be comprehended in them by the intention of the parties, whether it be explained in a general or particular manner, unless it be the necessary consequence of what is expressed; and they do not extend to differences which the parties never intended to include in them.
The renunciation, which is made therein to all rights, claims and pretensions, extends only to what relates to the differences on which the transaction arises."
It is significant to note that, while the release discharges Hillman in his capacity as deputy sheriff, and also releases other parties, it does not contain a reservation of rights against the Town of Boyce. Counsel have suggested in argument that the federal court suit, to which the release refers, contains a reservation of rights.
The record in "Honeycutt v. Cappel et al", Civil Action No. 18627, W.D.La., Alexandria Division, has been filed in this court as a part of the record in the instant appeal. Our study of the record indicates only the following as to any reservation of rights:
On June 12, 1973, a summary judgment was signed dismissing the Town of Boyce and its Mayor and Aldermen from the suit and containing this language:
"Plaintiffs' rights as to all other defendants and plaintiffs' rights to proceed in the Courts of the State of Louisiana against these defendants are hereby reserved."
The judgment was signed by Judge Scott of the United States District Court.
The judgment of June 12, 1973 antedates the release of August, 1973 [5] and is not a final judgment.
The final judgment is an "Order of Dismissal" signed by Judge Scott on August 1, 1973, reciting that the action has been settled and is dismissed contingent on the consummation of the settlement. No reservation of rights is contained in this order.
The last relevant entry is an order dated August 6, 1973, again signed by Judge Scott, reciting:
"Let the above captioned case remain open as to Jim Hillman, individually."
We entertain substantial doubts as to whether plaintiffs have reserved their right to proceed against the Town of Boyce. It has been held that a reservation of rights in a judgment is sufficient. New York Life Ins. Co. v. Palermo, 30 So.2d 228 (La.App.Orl.1947). Also, we find no specific reservation of rights against Hillman, other than as a Deputy Sheriff, if such be possible.
If plaintiffs did not release all of their rights against Hillman and Boyce, the question remains whether a party can be released in one capacity, here Hillman as deputy sheriff, and the right to proceed against him individually and in another capacity, here as city marshal, can be reserved.
There are cases in which parties have released claims for property damage without releasing claims for personal injuries despite the wording of the instruments. Mooneyhan v. State Farm Mutual Automobile Ins. Co., 290 So.2d 405 (La.App. 2 Cir. 1974); Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961). In these cases, the parties signing a full release were found to be under a misapprehension as to the subject *160 matter. The question in the instant case is different. We are concerned not with plaintiffs' intention in signing the release and accepting the funds but the legal result. Despite the apparent intention of plaintiffs to grant a limited release, they inadvertently released all claims arising from the death of Merlin Honeycutt. Plaintiffs executed the release under an error of law. LSA-C.C. art. 3078[6] provides that compromises cannot be attacked ". . . on account of any error in law." Plaintiffs have one cause of action for Honeycutt's wrongful death based on LSA-C.C. art. 2315 [7].
Generally, a cause of action can not be split. LSA-C.C.P. art. 425[8]; Thigpen v. Guarisco, 197 So.2d 904 (La.App. 1 Cir. 1967). The Louisiana Supreme Court has recently reaverred that:
"A cause of action in tort has no identity independent from the defendant upon whose fault it is based." Trahan v. Liberty Mutual Insurance Company, 314 So.2d 350 at 353 (La., 1975).
In Carney v. Hartford Accident & Indemnity Co., 250 So.2d 776 (La.App. 1 Cir. 1971), the court considered
". . . the novel question as to whether or not a reservation of rights in a compromise precludes a defense based upon LSA-C.C.P. art. 425." 250 So.2d 779.
Summary judgment by the trial court was reversed on a holding that:
". . . the voluntary dismissal of plaintiff's other action with prejudice did not split her cause of action if said judgment of dismissal was in fact predicated upon a compromise which reserved plaintiff's right to pursue her claim for personal injuries arising out of the same accident." 250 So.2d 780
One distinguishing feature of Carney, supra, is that the compromise there apparently related to one item of damages. There was no attempt to reserve rights against a party in a different capacity. The court *161 concluded that summary judgment was inappropriate where there was a factual dispute as to the terms of an alleged release.
In Fortenberry v. Clay, 68 So.2d 133 (La.App. 1 Cir. 1953), distinguished in Carney, supra, on the ground that plaintiff in Fortenberry had pursued his claim to judgment, we find a closer analogy to the instant case. There, the court stated the decisive consideration in allowing only one cause of action for one wrongful act and that is the endless litigation that would be created by the opposite holding. Thompson v. Kivett & Reel, 25 So.2d 124 (La.App. 1 Cir. 1946), is to the same effect.
There are no allegations of primary negligence by the Town of Boyce. Boyce is not a joint tortfeasor. LSA-C.C. art. 2324[9].
In Lee v. City of Baton Rouge, 243 La. 850, 147 So.2d 868 (1963), there were allegations of primary negligence on the part of the City in its maintenance of a defective sidewalk. The Supreme Court held that, since liability of the City was not secondary, vicarious or derivative, the plaintiff could release the abutting property owner and reserve its rights against the City. Implicit in the Lee decision is that where, as in the instant case, there are no allegations of primary negligence on the part of the town and its liability is only vicarious, the one primarily liable cannot be released and rights reserved against the party secondarily liable. Any liability on the part of the Town of Boyce here is secondary to that of Hillman. Any negligence of Boyce is vicarious under the doctrine of respondeat superior[10]. Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960). Thus, based on the reasoning of Fortenberry, Thompson and Lee:
(a) plaintiffs can not, as a matter of law, release rights against Hillman in one capacity and reserve rights against him in other capacities; and
(b) the release of Hillman in the instrument of August, 1973 released the vicariously liable Town of Boyce also.
The final question concerns the proper procedural disposition of the case, that is, whether the exception of judicial estoppel, the exception of no right of action, or summary judgment should be maintained or granted.
Judicial Estoppel
In Williams, the Supreme Court stated that the result in Muntz v. Algiers & G. St. Ry. Co., 116 La. 236, 40 So. 688 (1906), and McKnight v. State, 68 So.2d 652 (La.App. 1 Cir. 1953), which held that release of the alleged tortfeasor effected a discharge of a master's vicarious liability, is correct. Although identity of the parties was lacking and res judicata[11] was incorrectly applied in those cases, the court stated that a plea of judicial estoppel would have been appropriate. See 14 La.Law Review 901. In Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3 Cir. 1967), this *162 court held that the defense of extinguishment of the obligation cannot be raised by peremptory exception. Here, we are dealing with compromise rather than extinguishment of the obligation but the compromise does not support a plea of res judicata because identity of the parties is lacking and the exception has not been filed. The doctrine of judicial estoppel or estoppel by judgment has been recognized in Louisiana, California Company v. Price, 234 La. 338, 99 So.2d 743 (1957), although there is language to the contrary:
". . ., our later cases make it clear that the common law doctrine of estoppel by judgment is not recognized in Louisiana." Johnson v. Sweat, 265 So.2d 801 at 802 (La.App. 3 Cir. 1972) writ denied 263 La. 105,267 So.2d 211.
The doctrine is discussed at length in Olsen Engineering Corp. v. Hudson Engineering Corp., 289 So.2d 346 (La.App. 1 Cir. 1974) writ denied 293 So.2d 170, where the court states that there is a line of cases involving vicarious liability where judicial estoppel has been applied notwithstanding lack of identity of parties in two suits. Cauefield v. Fidelity & Casualty Company of New York, 378 F.2d 876 (5 Cir. 1967) and Friedenthal v. Williams, 271 F.Supp. 524 (E.D.La.1967) affirmed Friedenthal v. General Insurance Company of America, 395 F.2d 202 (5 Cir. 1968). Voluntary compromise agreements are equivalent to definitive judgments. LSA-C.C. art. 3078 [12]. However, in the instant situation, contrary to Cauefield, California and Friedenthal, supra, the issues have not been tried, and judicial estoppel is therefore not applicable.
No Cause of Action
In Williams v. Marionneaux, supra, the Court of Appeal upheld exceptions of res judicata and no cause of action on the basis of a compromise settlement and release of an employee which discharged the vicarious and secondary liability of his master. The Supreme Court concluded that an essential element of res judicata, that is that the suit be between the same parties, was lacking and stated that a plea of judicial estoppel would have been appropriate, plaintiff's cause of action having abated against one secondarily liable because the primary tortfeasor was without fault. The Supreme Court then sustained the exception of no cause of action, the rationale being that plaintiff's one cause of action, could not be split and an attempted reservation of rights against the employer was ineffective since, with release of the tortfeasor employee, plaintiff no longer had any rights to reserve. However, no evidence may be introduced to support an exception of no cause of action. LSA-C.C.P. art. 931.[13]American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970); Guillory v. Nicklos Oil and Gas Company, 315 So.2d 878 (La.App. 3 Cir. 1975). In Bielkiewicz, supra, this court held that releases should not have been considered in connection with an exception of no cause of action.
*163 Summary Judgment
As related above, the Town of Boyce moved for summary judgment but it was denied by the trial court.
An appeal does not lie from a trial court's refusal to grant a summary judgment, LSA-C.C.P. art. 968 [14]. However, the fourth circuit in Roloff v. Liberty Mutual Insurance Company, supra, in a procedural situation identical to that here, where the trial court sustained an exception of no cause of action and should have granted an alternative motion for summary judgment, treated the trial court disposition as a summary judgment. Also, see Spillers v. Northern Assurance Co. of America, 254 So.2d 125 (La.App. 3 Cir. 1971); writ refused 260 La. 288, 255 So.2d 772 (1972), from this circuit.
We conclude that the better disposition of this matter is by summary judgment. Since there is no issue of material fact, in contrast to Carney, supra, mover Boyce is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.[15]
For the foregoing reasons, we conclude that the judgment of the trial court sustaining defendant Boyce's exception of no cause of action is correct in its result. Summary judgment is granted in favor of defendant, Town of Boyce, and against plaintiffs, Mrs. Yvonne Honeycutt, Lonnie Honeycutt and Mrs. Diana Honeycutt Daley, dismissing plaintiffs' suit as to the Town of Boyce. All costs are assessed against plaintiffs-appellants, Mrs. Yvonne Honeycutt, Lonnie Honeycutt and Mrs. Diana Honeycutt Daley.
Affirmed.
NOTES
[1] LSA-C.C.P. art. 1005:

"Art. 1005. Affirmative defenses
The answer shall set forth affirmatively arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, division, duress, error or mistake, estoppel, extinguishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, transaction or compromise, and any other matter constituting an affirmative defense. If a party has mistakenly diesignated an affirmative defense as an incidental demand, or an incidental demand as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation."
[2] LSA-C.C.P. art. 2164:

"Art. 2164. Scope of appeal and action to be taken; costs
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."
[3] LSA-C.C.P. art. 2163:

"Art. 2163. Peremptory exception filed in appellate court; remand if prescription pleaded
The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception."
[3a] Overruled on other grounds in Turner v. Bucher, 308 So.2d 270 (La., 1975).
[4] LSA-C.C. art. 2317:

"Art. 2317. Acts of others and of things in custody
Art. 2317. We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications."
[5] The release was signed by the three plaintiffs on August 16, 17 and 20, 1973.
[6] LSA-C.C. art. 3078:

"Art. 3078. Res judicata; error; lesion
Art. 3078. Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected."
[7] LSA-C.C. art. 2315:

"Art. 2315. Liability for acts causing damage; survival of action
Art. 2315. Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words "child", "brother", "sister", "father", and "mother" include a child, brother, sister, father, and mother, by adoption, respectively. (Amended by Acts 1948, No. 333, § 1; Acts 1960, No. 30, § 1.)"
[8] LSA-C.C.P. art. 425:

"Art. 425. Division of cause of action, effect
An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion."
[9] LSA-C.C. art. 2324:

"Art. 2324. Liability for assisting or encouraging wrongful act
Art. 2324. He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable,In solido, with that person, for the damage caused by such act."
[10] We also distinguish Benroth v. Continental Casualty Company, 132 F.Supp. 270 (W.D.La.1955) where the primary insurer was released but rights against the excess carrier were carefully and explicitly reserved. The insurer was not released in Benroth except as to a certain monetary limit satisfied by the primary insurer. The same distinction applies to Futch v. Fidelity & Casualty Company, 246 La. 688, 166 So.2d 274 (1964) where the Louisiana Supreme Court held that the release of the primary insurer did not constitute splitting the cause of action.
[11] Boyce has not pleaded res judicata, as required by LSA-C.C.P. art. 927; a plea of res judicata by Hillman was not decided by the trial court and is not subject to review in this appeal.
[12] LSA-C.C. art. 3078:

"Art. 3078. Res judicata; error; lesion
Art. 3078. Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected."
[13] LSA-C.C.P. art. 931:

"Art. 931. Evidence on trial of peremptory exception
On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.
When the peremptory exception is pleaded in the trial court after the trial of the case, but prior to a submission for a decision, the plaintiff may introduce evidence in opposition thereto, but the defendant may introduce no evidence except to rebut that offered by plaintiff.
No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action."
[14] LSA-C.C.P. art. 968:

"Art. 968. Effect of judgment on pleadings and summary judgment
Judgments on the pleadings, and summary judgments, are final judgments and shall be rendered and signed in the same manner and with the same effect as if a trial had been had upon evidence regularly adduced. If the judgment does not grant mover all of the relief prayed for, jurisdiction shall be retained in order to adjudicate on mover's right to the relief not granted on motion.
An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment."
[15] LSA-C.C.P. art. 966:

"Art. 966. Motion for summary judgment; procedure
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."