HOOD, Judge
(concurring).
I disagree with the conclusion reached by my colleagues. I nevertheless am concurring in the majority opinion for two reasons: (1) My refusal to concur would cause the case to be reargued, entailing additional delays and expense to the parties, and eventually the same result would be reached; and (2) the majority recognizes that after the case is remanded, a motion for summary judgment may be filed presenting the same issue which is before us now, and in that manner the parties eventually will be able to have that issue determined.
The sole question presented on this appeal is whether an exclusionary clause in a policy of insurance issued by Fidelity and Casualty Company of New York relieves that insurer from liability.
The policy was not attached to plaintiff’s petition, but a duplicate of it was attached to “Exceptions of No Cause or Right of Action” filed by Fidelity. The policy thus is legally and properly in the record. The minutes of the court show that the exception filed by Fidelity was “taken up, tried and taken under advisement” before judgment was rendered. There is no transcript of the testimony, but we must presume that the trial was conducted properly and that the policy was introduced and received in evidence, since the entire trial and this appeal deal solely with the language used in one clause of that policy.
Four separate briefs were filed in this court on behalf of the four parties to the suit. In each brief the exclusionary clause of the policy was quoted, and scholarly arguments were presented as to the effect which should be given to that clause. No one objected to considering the policy or the legal issue presented. No one questioned the right of the court to consider the policy, or to decide the single legal question which must be determined. The parties, in fact, urged the court to decide whether the insurer should or should not be dismissed from the suit, so that the case then could proceed to trial on its merits.
My colleagues, on their own motion, have decided to treat the pleading filed by Fidelity solely as an exception of no cause of action, although it also is an exception of no right of action, and to interpose in behalf of the plaintiff an objection to the court’s considering the insurance policy, an objection which plaintiff obviously did not want to make.
Ordinarily, parties are permitted to stipulate as to facts and as to the issues which are presented in a case, and courts permit them to do so, unless the stipulations raise questions of public policy, questions as to the jurisdiction of the court, or questions which are not material to a disposition of *354 the case. In the instant suit no question of public policy or of jurisdiction are raised, and clearly the issue presented is material to a determination of this case. I think my colleagues have erred in raising a technical objection, not urged or discussed by any party, and on that ground refusing to look at or consider the insurance policy which is properly in the record and which all parties obviously agree should be considered by the court.
The majority relies on American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (1970), and Parks v. Winnfield Life Insurance Company, 336 So.2d 1021 (La.App. 3 Cir. 1976).
I agree that some language used in Springer, appearing to me to be dictum, provides support for the majority’s view. I do not interpret that opinion, however, as prohibiting parties to a suit from stipulating as to facts or pleadings or as to the issues which are to be decided by the court. Neither do I interpret Springer as barring a party from waiving an objection which he could have urged. There did not appear to be a stipulation or waiver in Springer. In the instant suit, however, I believe that the parties at least tacitly stipulated that the policy was in evidence and should be considered. Certainly, plaintiff waived any objection which he might have to a consideration of the policy. In view .of this difference in circumstances, I do not believe that Springer prohibits a consideration of the insurance policy involved in the instant suit.
In Parks, I disagreed with the holding of the majority, and in a separate opinion I expressed views similar to those which are being expressed here.
In North Central Utilities, Inc. v. Sarver, 323 So.2d 173 (La.App. 3 Cir. 1975), our court held, unanimously, that evidence introduced by stipulation at a hearing on an exception of no cause of action had the effect of enlarging the pleadings and should be considered in ruling on that exception. That holding, I believe, is in direct conflict with the holding of the majority in the instant suit. Both of the judges who constitute the majority in the instant suit were on the panel which decided Sarver, and one of them wrote the majority opinion. In that case the court discussed and distinguished Springer, supra, and it concluded:
“Although LSA-C.C.P. 931, prohibits evidence to support or controvert the objection that a petition fails to state a cause of action, North Central’s petition was amended by the stipulated filing of the letter in the pleadings. The filing of the letter constitutes an amendment to the petition, and the trial court properly considered this amendment in deciding the exception of no cause of action. Rheuark v. Terminal Mud and Chemical Company, 213 La. 732, 35 So.2d 592 (1948). See also General Accident, Fire & Life Assurance Corp. Ltd. v. J. B. Glen, 261 So.2d 78 (La.App. 3 Cir. 1972), where a document was considered with consent of both parties.” (Emphasis added).
The two judges who constitute the majority in the instant suit also were members of the panel which decided Honeycutt v. Town of Boyce, 327 So.2d 154 (La.App. 3 Cir. 1976), which involved a suit for damages. The defendant filed an exception of no cause of action, based on the ground that plaintiffs had executed a formal release of the claim. The form of release was introduced in evidence. Our court considered the release which had been introduced in evidence, and it affirmed the judgment of the trial court sustaining the exception of no cause of action, based solely on that release. After citing Springer, our court held in effect that where evidence is introduced to sustain an exception of no cause of action, the exception may be treated as a motion for summary judgment, the evidence may be considered, and the exception of no cause of action may be sustained on the basis of that evidence. The court affirmed the judgment of the trial court sustaining the exception of no cause of action, and in doing so it used the following language:
“For the foregoing reasons, we conclude that the judgment of the trial court sustaining defendant Boyce’s exception of no cause of action is correct in its result.”
*355 The two judges who constitute the majority in the instant suit were on the panel which decided Honeycutt, and one of them was the author of the opinion. The holding in that case is contrary to the holding of the majority in the instant suit.
In Parr v. D. H. Holmes, Co., Ltd., 311 So.2d 463 (La.App. 4 Cir. 1975), the defendants filed an exception of no cause of action after plaintiff had presented evidence and closed its case in a trial on the merits. The trial judge considered the evidence which had been introduced and sustained the exception of no cause of action. Our brothers of the Fourth Circuit, after citing Springer, pointed out that under LSA-C.C.P. art. 2164, the court may render any judgment which is just upon the face of the record. It considered the evidence which had been introduced and concluded that plaintiff was not entitled to recover. In view of Springer, the court amended the judgment of the trial court to dismiss plaintiff’s suit on the merits, rather than on an exception of no cause of action, and with that amendment it affirmed the trial court judgment.
I think any of the procedures employed in the above cases would be appropriate here. The insurance policy which is legally and properly in the record, without objection of any party, can and should be treated as an enlargement of plaintiff’s pleadings, and it should be considered in deciding the exception of no cause of action, as was done in Sarver, supra. Also, the exception of no cause and no right of action filed by Fidelity may be considered as an alternative motion for summary judgment, and on that basis judgment could be rendered sustaining the exception of no cause of action, as was done in Honeycutt, supra. And, finally, since the insurance policy was the only evidence material to decide the issue on the merits as to the liability of Fidelity, this court could properly amend the judgment of the trial court to dismiss plaintiff’s suit as to Fidelity on its merits, rather than on an exception of no cause of action, as was done in Parr, supra.
As already noted, although I disagree with the holding, I am concurring in the majority opinion solely to avoid unnecessary delays and expense to the parties, particularly in view of the fact that by filing additional pleadings, having another hearing and taking another appeal, all of which I consider to be unnecessary, the parties eventually will be able to obtain the same relief which could be afforded to them now.
For these reasons, I respectfully concur.