CUTRER, Judge.
This is an action by Mrs. Yvonne Honey-cutt, surviving spouse of Merlin Honeycutt, and decedent’s two children by a previous marriage, Lonnie Honeycutt and Mrs. Diana Honeycutt Daley, against the Town of Boyce, Louisiana, and Jim Hillman, individually and as marshal of the Town of Boyce, to recover damages for the death of Merlin Honeycutt.
On January 8, 1973, Jim Hillman, the duly elected City Marshal of the Town of Boyce, shot and killed Merlin Honeycutt. Suit was filed alleging that the Town of Boyce was liable because Hillman was in the course and scope of his employment with the Town of Boyce at the time of the shooting. The Town of Boyce filed an exception of no cause of action which exception was sustained by the trial court dismissing the suit against the Town of Boyce on the ground that the town could not be held responsible for the general law enforcement duties of an elected official, the marshal. That issue, along with other issues with which we are not concerned on this appeal, was appealed to this court. The answer filed by Jim Hillman stated that he was in the course and scope of his employment and he shot Honeycutt while he was making an arrest. On these grounds this court concluded that the trial court had erred in sustaining the exception of no cause of action.
This court held that, even though the marshal of the Town of Boyce is an elected official (LSA-R.S. 33:381) whose functions are provided for by statute (LSA-R.S. 33:423), if at the time of the shooting Hill-man was acting in his capacity of marshal of the Town of Boyce and was serving a warrant of arrest as the marshal of the Town of Boyce, Hillman would be acting in the course and scope of his employment for the Town of Boyce. The trial court’s dismissal of the plaintiff’s suit was affirmed on other grounds. Honeycutt v. Town of Boyce, Louisiana, 327 So.2d 154 (La.App.3rd Cir. 1976). The Supreme Court granted writs of certiorari and upheld this court’s ruling as to the Town of Boyce, but reversed and remanded on other grounds. 341 So.2d 327 (La.1976).
At the trial on the merits, the court ruled that at the time of the shooting Jim Hill-man was not, as a matter of fact, in the process of making an arrest but that he shot and killed Honeycutt as a result of a personal vendetta of long standing. The court then rendered judgment in favor of the plaintiffs and against Jim Hillman, individually, and dismissed the suit against the Town of Boyce, Louisiana. From this judgment the plaintiffs appeal.
The question on appeal is whether the trial judge committed manifest error in his factual determination that Hillman was not acting in the course and scope of his employment at the time of the shooting.
The trial court favored this court with detailed written reasons for judgment. The issues are factual and depend largely on the credibility of the various witnesses who testified. We have examined the record and find that the trial court’s findings are amply supported by the record. We find no manifest error in the trial court’s conclusion and same shall be affirmed. Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Costs of this appeal are taxed against plaintiffs.
AFFIRMED.