LOTTINGER, Judge.
This is a suit by Garland McManus, doing business under the name of Mercury Transfer & Storage, as petitioner, against Community Credit Company of Louisiana, Inc., as defendant for certain charges for the moving of household furniture belonging to an alleged employee of defendant from Baton Rouge, Louisiana, to Lake Charles, Louisiana. The amount of the demand by petitioner is in the sum of $490.-33, with interest and costs.
An exception of no cause of action was filed by defendant, which exception was referred to the merits, and after trial of the matter and all evidence submitted, the Lower Court maintained the exception of no cause of action and dismissed petitioner’s suit at petitioner’s cost. A devolutive appeal was taken by petitioner.
The record discloses that during the month of June, 1961, Mr. E. B. Smelley, an employee of defendant company was being moved by his employer from Baton Rouge to Lake Charles, Louisiana. Mr. Leonard Edelman, President of defendant company, told his said employee to secure estimates from transfer companies as to the cost of moving his household furniture and other personal articles. Estimates were secured by Mr. Smelley, the lowest being that of petitioner in the sum of $331.75.
After securing the said estimates, Mr. Smelley notified Mr. Edelman, and he agreed to pay for the said moving in accordance with the lowest estimate of petitioner. After the move was made, petitioner submitted his bill directly to Community Credit Company for $490.33. The difference in the final bill and the initial estimate was a result of miscalculation in weight, additional moveables being loaded which were not originally considered and additional packing by petitioner on the day his employee arrived at the Smelley home. The rates charged by Mr. McManus were regulated by the Louisiana Public Service Commission.
Defendant refused to pay the bill as submitted, which refusal resulted in this suit.
The petition filed herein by petitioner includes only three paragraphs and the prayer. The first paragraph alleges that defendant is indebted unto petitioner in the sum of $490.33, together with interest and costs. Paragraph Two provides that petitioner performed certain services for defendant, such services consisted of the moving of the household furniture effects as aforesaid, in accordance with the certified statement of account annexed to the petition. Paragraph Three of the petition merely alleges failure to pay the account notwithstanding amicable demand. Attached to the petition is the itemized statement in the total sum of $490.33.
The exception of no cause of action was then filed as well as an answer by defendant who denied liability, alleging that petitioner rendered no services directly for defendant. Further answering, however, the defendant did allege that it agreed with E. B. Smelley that it would pay his costs of $358.00 for the packing, loading, transportation, and unloading of the household effects. The answer further alleges that, despite defendant’s lack of legal liability to plaintiff, it has repeatedly offered, and still *522 stands ready, to pay the sum of $358.00 on behalf of E. B. Smelley, which is the amount it authorized to Smelley for the move.
After trial on the merits, the exception was maintained and plaintiff’s suit dismissed.
The law of Louisiana is clear to the effect that parol evidence shall not be received to prove any promise to pay the debt of any third person. Louisiana Civil Code, Article 2278.
Faced with this proposition of law, the petitioner attempts to show that there was an agency relationship existing between defendant as principal and Mr. Smelley as agent, under which Mr. Smelley was authorized to bind his principal for the sum sued upon. The record, however, discloses no such agency and if it could be considered that one did exist, the limit of the amount that the employee could have bound the defendant was in the amount of the bid submitted by petitioner. The testimony of Mr. Smelley himself discloses that he was told by Mr. Edelman to secure the estimates for the moving of his effects and that after he submitted the estimates to Mr. Edelman, Mr. Edelman told him to accept the low bid of petitioner of $358.00.
It is interesting to note that the petitioner himself testified that it was Mrs. Smel-ley who called him apd asked him to come by her house so that he could give her an estimate for the moving. He had no contact either with Mr. Edelman, the President of the defendant company nor with Mr. Smelley. Certainly there was no principal-agency relationship existing between defendant and the Smelleys.
Although we believe that the Lower Court was correct in dismissing the petitioner’s demand, such dismissal should have been on the merits and not on the exception of no cause of action. The petition, as aforesaid, indicates that the services were performed by petitioner directly for the defendant and that, consequently, defendant is indebted unto petitioner. Article 931 of the Louisiana Code of Civil Procedure provides that no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. The law of our jurisdiction is to the effect that the determination caused by an exception of no cause of action rests upon the well pleaded facts in the petition as well as any documentary evidence thereto attached, which facts and documents must be accepted as true. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54. The petition filed herein is in the customary form used in this state for suit on an open account, with the sworn and itemized statement thereto attached. Such petition and itemized statement does disclose a cause of action, and according to the law and jurisprudence we cannot go beyond the petition and exhibits thereto attached in ruling on the exception.
On the other hand, the evidence clearly indicates that there was no contractual relationship existing between the petitioner and defendant. The law, as we have stated before, is clear to the effect that parol evidence is not admissible to prove the promise to pay the indebtedness of a third party. The record further discloses that no agency relationship existed.
Although the petitioner attempts to show that in offering to pay the amount of the original estimate, the defendant has made a judicial admission and he is now bound by such admission. The record, to the contrary, shows that Mr. Edelman never admitted that the defendant owed petitioner anything, although Mr. Edelman testified that he made a compromise offer to pay $358.00 in order to avoid suit. The petitioner has failed to prove his demand.
For the reasons hereinabove assigned, the judgment of the Lower Court will be amended so as to overrule the exception of no cause of action, however, there will be judgment on the main demand in favor of defendant and against petitioner dismissing petitioner’s suit, all costs of this appeal shall be paid by petitioner.
Judgment amended and affirmed.