BOUTALL, Judge.
This is an appeal from a judgment maintaining an exception of no cause of action in favor of a defendant who filed the exception after trial on the merits and coincident with submission of post-trial briefs.
The pertinent facts are that there was a collision on April 13,1974 between an automobile driven by plaintiff, Clarence F. Fuller and a tractor trailer driven by John L. Scott, insured by The Travelers Insurance Company. On March 11, 1975, Fuller sued Scott, Travelers, and other defendants in solido for his personal injuries and damages. On May 5, 1975, Scott and Travelers answered plaintiff’s petition and filed a third-party demand against the Department of Highways, State of Louisiana, alleging it was liable for contribution and setting out the specific acts of negligence of the department. In summary, the third-party petition alleged that the Department of Highways was negligent for failing to maintain the road and the shoulders properly and failing to repair the roadway after receiving notice that there were potholes in the roadway, and ended with a prayer for judgment for contribution in the event of recovery against them. This pleading was filed more than one year after the accident.
More than three years later, on August 16, 1978, Fuller filed a supplemental and amending petition in which he added the Department of Highways as a party defendant, alleging basically the same negligent acts as the third party petition and prayed for judgment in plaintiff’s favor against all of the defendants jointly, severally, and in solido.
After considerable other pleadings, the case was set for trial on April 16, 1979 and on the morning of trial was partially settled by an agreement of Scott and Travelers to pay plaintiff Fuller the sum of $250,000 in compromise, in return for which Fuller assigned all of his claims against the Department of Transportation and Development (successor to the Department of Highways) and Travelers reserved its claim against the Department for contribution. A stipulation to this effect was entered into the record, and all parties agreed that trial would be had on the issue of the liability of the Department for the alleged acts of negligence.
After two days of trial, the evidence was concluded and the parties were to submit post-trial briefs in support of their respective positions. On May 7,1979, the Department filed an exception of no cause of action along with its brief, and thereafter the trial judge maintained the exception of no cause of action, dismissing the Department of Transportation and Development from the law suit. It is this judgment which has been appealed by Travelers Insurance Company.
Under the circumstances of this case, we find error in the maintaining of the peremptory exception of no cause of action. Instead, the court should have rendered judgment on the merits, which had already been tried. At the same time, we point out that our consideration of the evidence presented on the merits leads us to a conclusion that there was no negligence on the part of the Department and we would affirm the result reached by the trial court, i. e., dismissal of Travelers’ claim against the Department.
Initially, we note that considerable time was devoted in brief to the matter of prescription of these claims, and we are referred to a number of cases on prescription. The judgment before us however is a judgment on the peremptory exception of no cause of action and it is elementary that there are considerable differences between these two peremptory exceptions, both in the basis of the objection raised by each one (C.C.P. Article 927) and in the facts or evidence upon which each is based (C.C.P. Article 931). The Louisiana Supreme Court in Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (1975) stated the principles governing the peremptory exception of no cause of action at page 96:
[1,2] “The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well- *52 pleaded allegations of fact is conceded, the issue is whether the face of the petition presents a case which legally entitles the mover to the redress sought. It is the sufficiency of the petition or motion in law which is put at issue by the exception. (Citations omitted.)
[3] “If a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. (Citations omitted.)
[4,5] “In considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. (Citations omitted) Pleadings must be reasonably construed so as to afford litigants their day in court, to arrive at the truth and to avoid a miscarriage of justice.” (Citations omitted.)
Consistent with these provisions of liberal interpretation, we conclude that the facts pleaded may be reasonably interpreted to present a cause of action for contribution. Concededly, the third-party defendant is accused of negligence that was the sole and proximate cause of the accident, but at the same time those acts of negligence are consistent with the facts necessary to show joint negligence which would render the defendant liable for contributions as alleged in paragraph 2 and as prayed for in the prayer in event of recovery against third-party plaintiffs. In addition to the allegation that the Department failed to maintain a center line in a narrow highway, failed to maintain the road and the shoulders adequately, and failed to repair the roadway after receiving requests for repairs to the potholes in the roadway, the petition further alleged the facts of the accident originally sued upon alleging that in his driving efforts the driver attempted to get to the right side of the roadway where he hit some potholes located on the roadway and on the shoulder, causing him to lose control and skid into a collision with the plaintiff’s vehicle. We further point out that the third-party petition is coupled in the same pleading with the answer to the original petition, and, although it does not contain a conclu-sory allegation that the negligence of the parties was joint and several, nevertheless it contains the facts sufficient to afford a reasonable interpretation of joint negligence. To the contention that there is no precise allegation of joint and several liability, we say that the court then should have followed the requirements of C.C.P. Article 934 and permitted amendment to furnish the additional allegations. See Aetna Finance Company v. Antoine, 343 So.2d 1195 (La.App.4th Cir. 1977).
In this case there are two other equally cogent reasons why the exception should not have been maintained. First, Travelers’ claim against the Department was not only for contribution under its third-party petition but also under an assignment of the claims of the original plaintiff, Fuller, with whom Travelers compromised. While the supplemental and amending petition which joined the Department as a defendant may have been subject to attack on the grounds of prescription, it certainly does set out a cause of action against the Department, and it should be noted that in that prayer that the liability of the Department was sought jointly, severally and in solido with the liability of the other defendants. See Haskins v. Clary, 346 So.2d 193 (La. 1977).
The second consideration is that under the procedural situation as it existed, we would be called upon to ignore the stipulation at the beginning of trial that there was a compromise and assignment and that trial was to begin on the basis of the liability of the Department to Travelers’ claim for contribution. We conclude that the stipulation would constitute an amendment to plaintiff’s third-party petition and that Travelers was then proceeding not only under its third-party petition but also the allegations of plaintiff Fuller’s petition and supplemental and amended petition and thus all of these petitions should be considered. See *53 for example North Central Utilities, Inc. v. Sarver, 323 So.2d 173 (La.App.3rd Cir. 1975). There was no objection to any of the evidence produced on the basis that it was not relevant to the issue of contribution.
Indeed, it appears to us that the evidence failed to show any negligence on the Department and that it was the lack of proof rather than the lack of allegations that led to the maintaining of the exception. The trial judge should have rendered judgment in favor of the defendant on the merits, not upon the exception. See for example McManus v. Community Credit Company of Louisiana, 212 So.2d 520 (La.App.1st Cir. 1968).
For the reasons above recited, we annul and vacate the judgment maintaining the exception of no cause of action. We now proceed to a consideration of the merits.
The uncontested facts of the case have been set out above. The issues to be decided: was the Department of Transportation negligent in its maintenance of the shoulders of the River Road and were the shoulders in an unsafe condition?
It was contended by the defendant driver, Scott, that he lost control of his tractor immediately after coming out of the curve. At this time his tractor left the roadway and his right wheels entered the shoulder where ruts and/or holes in the shoulder caused him to lose control.
The Department of Transportation is not the guarantor of safety of travelers on state highways, or an insurer against all injuries or damage which may result from defects in the highways. “The duty of Department is only to see that state highways are reasonably safe for persons exercising ordinary care and reasonable prudence. It is liable for damages only when the evidence shows (1) that the hazardous condition complained of was patently or obviously dangerous to a reasonably careful and ordinarily prudent driver, and(2) that the department had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it.” Doucet v. State of Louisiana, Department of Highways, 309 So.2d 382 (La.App.3rd Cir. 1975); writ refused, 312 So.2d 340 (La.); Mistich v. Matthaei, 277 So.2d 239 (La.App.4th Cir. 1973); St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273 (1964).
The River Road in this area is a few inches wider than 20 feet. The roadway is black-top and the shoulder is made of clam shells. There were several photographs of the roadway and shoulder in evidence. The photographs showed that the roadway had no holes in it, but numerous holes could be seen along the shoulder. The holes were full of water at the time so no depth could be seen.
Four state employees testified as to the maintenance and condition of the road. Mr. Childs produced the work reports on this section of road, which consisted of over one and one-half miles of roadway. Mr. Dornblatt was classified as an expert in civil, structural and highway engineering. All of the state employees testified that from the pictures it appeared that the shoulders needed grading. The problem in this section of road is that it is heavily traveled by large tractor trailers, which often ride the edge of the road with their dual rear wheels on the shoulder, thereby kicking up the shells and causing rutting and holes.
All testified that it was not uncommon for the condition to happen overnight. The two main factors were how many tractors rode on the shoulder and the weather conditions, that rainy weather hastens the occurrence. To remedy this situation, blad-ing and leveling is used, sometimes the holes are filled with shells.
Mr. Childs produced the work reports that showed that this section of road was graded on numerous occasions during 1973, but not during the three months prior to the accident. However, the reports show that holes along this section of road were filled on at least twenty different occasions during these three months.
The records failed to show any complaints in this section of road for at least 15 months *54 prior to the accident. The only testimony was from a. neighbor who testified that his wife had called and complained about 2 years prior.
From the evidence presented we conclude that the Department was not negligent in failing to maintain the road and that it had no notice, either actual or constructive, that a hazardous condition existed at the time of the accident. The Department knew that this section of road required continual maintenance. Their work record reflects that they provided this continued upkeep. Ruts and holes can occur overnight in highway shoulders during rainy weather and it is too great a burden to put on the Department to require they be repaired immediately, particularly when there is no showing as to the depth and the necessity of urgent repairs. See Moorman v. State, Dept. of Highways, 384 So.2d 586 (La.App.4th Cir. 1980).
Accordingly, we set aside the judgment of the trial court maintaining the exception of no cause of action. Instead, we render judgment on the merits in favor of the third-party defendant, Louisiana Department of Transportation and Development, and against the third-party plaintiff, Travelers Insurance Company, dismissing the Department from the suit. Judgment set aside and recast.

JUDGMENT SET ASIDE AND RECAST.