250 So.2d 776 (1970)
Barbara Jean CARNEY et al.
v.
HARTFORD ACCIDENT & INDEMNITY CO. et al.
No. 8138.
Court of Appeal of Louisiana, First Circuit.
December 21, 1970.
On Rehearing May 31, 1971.
*777 R. Gray Sexton, of Dyer & Wilson, Baton Rouge, for appellants.
Robert L. Kleinpeter, Baton Rouge, for appellees.
Before LANDRY, ELLIS and BLANCHE, JJ.
LANDRY, Judge.
Plaintiff, Barbara Jean Carney, takes this appeal from a summary judgment of the trial court dismissing her tort action for personal injuries arising out of an automobile accident. The trial court rendered summary judgment dismissing plaintiff's demand herein against defendants, Luttrell A. Cox, Ernest Reado and Signal Insurance Company (Signal), upon finding that plaintiff split her action by dismissing, with prejudice, a separate action for damages sustained to her automobile in the same accident. We find that the trial court erred in rendering summary judgment for defendants.
The accident in question occurred on July 9, 1968, and involved a Chevrolet sedan owned by plaintiff Carney, a Cadillac owned by Luttrell A. Cox and operated by Ernest Reado, and a Rambler sedan owned and operated by Paul Vernon. Carola S. Miles and her minor son, Maurice Manuel, were guest passengers of Miss Carney. Mrs. Miles, seeking damages for herself and her minor son, joined Miss Carney in this action but has not appealed herein.
This present action was instituted June 18, 1969, naming as defendants Luttrell A. Cox, Hartford Accident & Indemnity Company, as Cox's alleged insurer, and Ernest Reado. Subsequently, Signal Insurance Company was properly substituted as defendant in Hartford's stead.
On July 9, 1969, plaintiff Carney and her insurer, Motors Insurance Company, filed suit #135,427 on the docket of the trial court, seeking recovery from Luttrell A. Cox, Ernest Reado and Paul Vernon of damages sustained to the Carney vehicle. On November 13, 1969, this action was dismissed on plaintiffs' motion, with prejudice *778 and at defendants' cost. Defendants maintain that the dismissal, with prejudice, of plaintiff's action for property damages constitutes a splitting of the cause of action contrary to LSA-C.C.P. art. 425, and precludes this action for personal injuries arising from the same accident. Plaintiffs and defendants concede that the basis of dismissal of suit # 135,427 was a settlement of all claims for property damages arising from the accident.
Appellant basically contends the trial court erred in awarding summary judgment because factual disputes exist between the parties thereby preventing application of the summary judgment act as a matter of law. Appellant also maintains the summary judgment was granted on a record which contained no evidence in support of the decree. In this regard, it is alleged that the instant case contains no record of a separate action for property damage; that there is no showing that plaintiff even knew such an action was filed; that there is no proof that if plaintiff knew of the action that she received the $50.00 deductible portion of her property damage, and that there is no evidence that plaintiff signed a release purportedly in compromise of the action for property damage.
Alternatively, appellant urges that in the settlement of the property damage action, a release executed on appellant's behalf by her attorney, reserved her right to proceed against defendants for her personal injuries. In this respect, at the trial of the motion for summary judgment, appellant's counsel introduced his personal affidavit wherein he admits executing a release on appellant's behalf wherein the following appears:
"Appearer, Barbara Jean Carney, expressly reserves her rights and causes of action against any and all persons, firms, and corporations, and particularly those rights and causes of action as set forth in the suit styled `Barbara Jean Carney, et al. versus Signal Insurance Company et al., Number 135,010 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.'"
Appellant's contention that the record in this instance is devoid of proof of dismissal of the other action is without merit. There appears in the transcript of this appeal a complete copy of the record in suit #135,427, including the judgment of dismissal with prejudice. It also appears that in defendants' motion for summary judgment, it was expressly alleged that the entire record of said other proceeding was made part of defendants' motion and that a certified copy thereof would be introduced in evidence on trial of the motion for summary judgment. Under the circumstances, we consider said record properly a part of these proceedings.
On trial of the motion for summary judgment, counsel for appellant filed his personal affidavit attesting that pursuant to negotiations with defendants' counsel, a compromise of suit #135,427 was consummated. He further deposed that pursuant to agreement, counsel for defendants prepared and forwarded to affiant a receipt and release which proved to be unconditional in form. Affiant then advised opposing counsel that affiant did not intend to prejudice plaintiff's rights and would sign a release which purported to settle plaintiff's claim for property damage only. Pursuant to this contact, affiant prepared, and executed in plaintiff's name, a release reserving plaintiff's rights in her suit for personal injuries and the compromise was consummated on this basis.
The affidavit of defendants' counsel was also introduced in evidence and confirms that said affiant prepared a release which counsel for plaintiff found unsatisfactory because it did not reserve his client's rights. Affiant concedes his agreement to amend the release form to reserve plaintiff's rights in her tort action, but denies having prepared the release signed by counsel for plaintiff. Affiant also averred that he did not discuss plaintiff's personal injury claim with counsel for plaintiff because *779 plaintiff's counsel did not attempt to discuss this matter during the negotiations.
Generally where a plaintiff secures judgment for any part of his claim or intentionally compromises part of a single cause of action arising from an individual occurrence, he is precluded from thereafter asserting claims arising out of the same cause of action. Fortenberry v. Clay, La. App., 68 So.2d 133; Thompson v. Kivett & Reel, Inc., La.App., 25 So.2d 124.
Summary judgment may be awarded only where there is an absence of dispute as to a material issue of fact. All doubt concerning dispute as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. LSA-C.C.P. arts. 966-968; Duhon v. Boustany, La.App., 239 So.2d 180.
Unquestionably, the affidavits of opposing counsel indicate disagreement as to the terms of an alleged release upon which dismissal of plaintiff's other suit was based, namely, whether the release was with or without reservation of plaintiff's rights. The pivotal issue, however, is whether such a factual dispute was material and therefore precluded the granting of a summary judgment of dismissal of the instant suit. The materiality of the existence or nonexistence of a reservation of plaintiff's rights under the circumstances depends upon whether such reservation, if made, effectively preserved plaintiff's rights in the suit before us. Stated otherwise, we believe the issue to be whether dismissal with prejudice of plaintiff's other suit, which was based on the same cause of action as the instant matter, split plaintiff's action notwithstanding reservation of plaintiff's rights in the compromise agreement which formed the basis of the judgment of dismissal. More precisely, the issue is whether the trial court could look beyond the judgment of dismissal of the other action and consider a compromise agreement upon which the dismissal was founded.
We see a salient distinction between the instant case and cases such as Fortenberry v. Clay, above, wherein an action was deemed split because in a separate action plaintiff had pursued his cause to judgment. Here, plaintiff did not obtain judgment in her other action. She voluntarily dismissed same, with prejudice, reserving all her rights in the present action. In Fortenberry, above, plaintiff had his opportunity to litigate his total demand, but chose instead to try only a segment thereof. Here, such rights as petitioner asserted in the other action were not determined by judicial decree; they were resolved by compromise. Under the circumstances, we consider the compromise the operative factor; dismissal of the other action was merely incidental to the settlement. We believe, therefore, the terms of the compromise must be examined to determine whether or not it obviated a splitting of plaintiff's cause of action.
Thompson v. Kivett & Reel, Inc., above, is authority merely for the proposition that a compromise, being equivalent to a judgment, may form the basis of a successful plea of a splitting of cause of action in contravention of LSA-C.C.P. art. 425. Thompson, above, is not decisive of the issue here because in Thompson the compromise contained no reservation of rights. Plaintiff herein alleges such a reservation. This court is faced with the novel question as to whether or not a reservation of rights in a compromise precludes a defense based upon LSA-C.C.P. art. 425.
The intent of LSA-C.C.P. art. 425 is to prevent a multiplicity of actions. Reed v. Warren, 172 La. 1082, 136 So. 59. It is well settled that the law favors compromise and voluntary settlement of disputes out of court with the attendant saving of time and expense to both the litigants and the court. These same reasons compel favorable consideration of compromises of pending litigation. It is common knowledge that the institution of law suits frequently leads to compromise of the underlying dispute thus terminating the litigation. *780 A compromise need not necessarily settle all differences between parties. Disputants frequently settle some of their differences and mutually consent to litigate remaining issues on which they cannot agree. To declare that all partial settlements that result in dismissal of a suit with prejudice necessarily preclude a subsequent action to pursue remaining rights, which are specifically reserved, would tend to discourage compromises.
We hold therefore that the voluntary dismissal of plaintiff's other action with prejudice did not split her cause of action if said judgment of dismissal was in fact predicated upon a compromise which reserved plaintiff's right to pursue her claim for personal injuries arising out of the same accident.
The judgment of the trial court is reversed and set aside, and judgment rendered herein dismissing and rejecting defendants' motion for summary judgment, and remanding this matter to the trial court for further proceedings consistent with the views herein expressed; costs of this appeal to be paid by defendants, Signal Insurance Company, Luttrell A. Cox and Ernest Reado, in solido.
Reversed and remanded.

ON REHEARING
After full consideration of this matter on rehearing, we have arrived at the conclusion that our initial decree is correct for the reasons stated therein.
Subsequent to submission of this matter, defendants filed in this court a peremptory exception of res judicata. LSA-C.C.P. art. 2163 provides that an appellate court may consider a peremptory exception filed for the first time in that court if pleaded prior to submission of the case for a decision. (Emphasis supplied.) Under the circumstances, defendants' exception of res judicata was untimely filed and therefore will not be considered by this court.
The original decree handed down herein is affirmed and made the decision of this court; all costs to be paid by defendants, Luttrell A. Cox, Ernest Reado and Signal Insurance Company.
Affirmed.