341 So.2d 327 (1976)
Mrs. Yvonne HONEYCUTT et al.
v.
TOWN OF BOYCE, Louisiana, et al.
No. 57816.
Supreme Court of Louisiana.
December 13, 1976.
Rehearing Denied January 21, 1977.
*328 D. Mark Bienvenu, Voorhies & Labbe, Lafayette, for plaintiffs-applicants.
Downs & Downs, James C. Downs, Alexandria, for defendant-respondent.
SUMMERS, Justice.
On January 15, 1973 Yvonne Honeycutt, widow of Merlin Honeycutt, deceased, and decedent's two daughters, Lonnie Honeycutt and Diana Honeycutt Daley, filed suit in the United States District Court for the Western District of Louisiana. They named as defendants Marshall T. Cappel, Sheriff of Rapides Parish; Jim Hillman, as Marshal of the town of Boyce and also in his capacity as Deputy Sheriff of Rapides Parish; John Johnson, Mayor of the town of Boyce; and Denver Feazell, Grundy E. James, Haywood B. Joiner, Sr., John L. Nes-Smith and Bennett N. Sewell, as Aldermen of the town of Boyce.
The suit was an action at law to redress the deprivation of civil rights under color of *329 statute, ordinance, regulation, custom or usage of the State of Louisiana secured to plaintiffs by the Fourteenth Amendment to the Constitution of the United States, 42 U.S.C. § 1983.[1]
The action is based upon allegations that on January 8, 1973 Jim Hillman, while wearing the uniform of a Rapides Parish deputy sheriff, shot Merlin Honeycutt in front of the post office in Boyce, Louisiana, without provocation. At the time Hillman, acting as deputy sheriff, was serving an arrest warrant on Honeycutt. As a result of the shooting, Honeycutt died. Cappel, the Sheriff of Rapides Parish, knew before that time, it is alleged, that Hillman had harassed and threatened the life of Honeycutt and his family. It is also alleged that the mayor and aldermen of the town of Boyce were aware of Hillman's misconduct but they failed to take action to relieve Hillman of his duties. The sheriff, mayor and aldermen were, therefore, negligent in retaining Hillman on their payroll, according to the petition. For these violations of decedent's civil rights, plaintiffs claimed $1,587,050 in damages against defendants and their respective insurers.
On motion by the town of Boyce, the mayor and the aldermen, a summary judgment was rendered on June 12, 1973, dismissing plaintiffs' suit against these movers for the reason that the civil rights action did not apply to municipalities. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The judgment stipulated:
"Plaintiffs' rights as to all other defendants and plaintiffs' rights to proceed in the Courts of the State of Louisiana against these defendants are hereby reserved." A final judgment was entered on August 6, 1973 dismissing the case without costs and without prejudice to the right, upon good cause shown in 60 days, to reopen the action if settlement was not consummated.
The last relevant entry, dated August 6, 1973, is an order stating "Let the above (captioned) case remain open as to Jim Hillman, individually."
Thereafter, on August 17, 1973 plaintiffs, in consideration of $40,750, executed a compromise captioned "Full Release Of All Claims." The sheriff, his insurer, his agents, servants, successors, assigns, the Louisiana Sheriff's Association and their insurer, were discharged from all claims arising out of the shooting of Honeycutt by Hillman on January 8, 1973, as set forth in the suit filed in the Federal District Court. Also included in the discharge were Hillman's acts which deprived Honeycutt or plaintiffs of their civil rights under 42 U.S.C. § 1983, or claims plaintiffs may have under the laws of the State of Louisiana by reason of acts committed by Hillman.
Further, plaintiffs released Hillman "in his capacity as Deputy Sheriff in and for the Parish of Rapides", his insurers, the Louisiana Sheriff's Association, Cappel, individually and as Sheriff; and all of his deputies or employees on account of Hillman's acts. The settlement and compromise authorized the dismissal of the federal suit.
An addendum to the Release executed by Yvonne Honeycutt set forth: "As to Jim Hillman, it is intended and agreed as a part and consideration of this original release, that this release is to be fully co-extensive with all coverages available to the said James Hillman under all of the terms and conditions of any policies in effect with Gray and Company, Inc., and Interstate Insurance *330 Group, being the said policies involved in the suit described in paragraph 1 of the original release [of the federal suit]."
Several days later, on August 23, 1973, these same plaintiffs instituted suit in the State Court in the Ninth Judicial District, Parish of Rapides, claiming $727,050 in damages against the town of Boyce and against Hillman individually and in solido for the wrongful death of Honeycutt.
This state suit in tort is based upon the allegation that Hillman shot Honeycutt on January 8, 1973 without provocation while acting in his capacity as marshal of the town of Boyce and while serving a warrant of arrest on the decedent. As an employee of the town, it is alleged, the town is liable for the action of Hillman under the theory of respondeat superior. Acts of negligence on the part of Hillman and the town are alleged.
In a pretrial conference order the primary liability issue was stated to be: "What, if any, is the responsibility of the Town of Boyce and Jim Hillman and if either are responsible, what amount should plaintiffs recover."
In deciding an exception of no cause of action filed by the town of Boyce, the trial court found that Hillman, as marshal, was an elected official of the town. As such, he was carrying out functions authorized by state statute, and there were no allegations to support a conclusion that the town of Boyce could have controlled the conduct of the marshal. On this basis, the trial judge held there were no facts whereby the town could be held responsible for the general law enforcement duties of the marshal.
On appeal to the Third Circuit the judgment was affirmed. There, however, the Court found that the trial court erred in sustaining the exception of no cause of action, stating that Hillman was, according to the pleadings, performing a duty incident to his employment when he shot Honeycutt. With this result we agree. On the other issue the court entertained substantial doubt whether plaintiffs had reserved their right to proceed against the town of Boyce. Nevertheless, the question, as understood by the Court of Appeal, was whether plaintiff could release Hillman in the capacity of deputy sheriff, and still reserve the right to proceed against him individually and in the capacity of city marshal.
In reaching its conclusion the court said, "Despite the apparent intention of plaintiffs to grant a limited release, they inadvertently released all claims arising from the death of Merlin Honeycutt." The court said that plaintiffs could not, as a matter of law, release rights against Hillman in one capacity and reserve rights against him in other capacities, and the release of Hillman in the instrument of August 1973 released the vicariously liable town of Boyce also. The court therefore granted a summary judgment in favor of the town of Boyce, dismissing plaintiffs' suit as to the town. La.App., 327 So.2d 154. Certiorari was granted on plaintiffs' application. La., 330 So.2d 317.
Plaintiffs assert it was error to hold that they had released all parties and had split their cause of action by settling the federal civil rights suit and reserving their rights against all defendants in the state courts.
Defendants state that the only substantial issue before this Court is whether the plaintiffs, by their compromise document, relinquished their rights against Hillman under Civil Code Article 2315.
Study of the release, the pleadings in the case at bar and the federal court proceedings results in the conclusion that Hillman's release was confined to actions in his capacity as deputy sheriff. The release also discharged the sheriff of Rapides Parish, his agents, etc., from liability arising out of Hillman's actions in that capacity. Hillman was not released in his individual capacity or in his capacity as marshal of the town of Boyce.
Therefore, since the town of Boyce had previously been dismissed from the federal suit by a summary judgment in its favor on June 12, 1973, and because the town was *331 not a party to the compromise and release, plaintiffs did not discharge the town from claims, if any, in state courts under state law. To the contrary, the judgment of June 12, 1973 specifically reserved plaintiffs' "rights to proceed in the Courts of the State of Louisiana against these defendants," referring to Hillman, the sheriff and their insurers, and the town of Boyce.
It will not be presumed that plaintiffs intended to waive their rights against other parties possibly liable unless it clearly appears that they intended to do so. Williams v. DeSoto Bank & Trust Co., 189 La. 245, 179 So. 303 (1938); Landry v. New Orleans Public Service, Inc., 177 La. 105, 147 So. 698 (1933); Cusimano v. Ferrara, 170 La. 1044, 129 So. 630 (1930).
No state court action is asserted against the sheriff for, as reference to the state court proceeding makes clear, Hillman was acting as marshal of the town at the time of the shooting, and he is being sued in this and in his individual capacity. The state suit against the town is, therefore, predicated upon its alleged vicarious liability for Hillman's actions.
As the instant case is viewed, the release does not present a bar to the suit; however, it does present the question whether Hillman may be released from liability in one capacity and be held responsible in another for the same conduct. This question is important, for a negative answer relieves him of responsibility and, at the same time, the town cannot be held vicariously responsible. On the other hand, a determination that the release in question does not bar claims against Hillman in his capacity as marshal leaves the town's vicarious liability dependent upon the facts.
The question is: Did plaintiffs split their cause of action by releasing Hillman in one capacity and reserving rights against him in another? Article 425 of the Code of Civil Procedure is the basis for this contention; it provides:
"An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion."
The above article speaks of asserting separate claims in courts of law. A claim asserted in court and then settled by compromise, reserving rights to pursue other rights by another suit on other aspects of the claim, does not fall within the proscription of Article 425. It is the multiplicity of suits seeking to enforce the same cause of action which contravenes the policy of the law. It is the unnecessary expense, delay and vexation in the administration of justice which the law aims to avoid. Olivedell Planting Co. v. Town of Lake Providence, 209 La. 898, 25 So.2d 735 (1946). However, these policies are not violated by compromise and settlement in one suit with reservation of rights to pursue another. A judgment of dismissal resulting from a compromise and settlement is incidental to the compromise and will not be considered a "separate" action under Article 425.
The meaning of Article 425 is well stated by the Court of Appeal in Carney v. Hartford Accident & Indemnity Co., 250 So.2d 776 (La.App.1971):
"The intent of LSA-C.C.P. art. 425 is to prevent a multiplicity of actions. Reed v. Warren, 172 La. 1082, 136 So. 59. It is well settled that the law favors compromise and voluntary settlement of disputes out of court with the attendant saving of time and expense to both the litigants and the court. These same reasons compel favorable consideration of compromises of pending litigation. It is common knowledge that the institution of law suits frequently leads to compromise of the underlying dispute thus terminating the litigation. A compromise need not necessarily settle all differences between parties. Disputants frequently settle some of their differences and mutually consent to litigate remaining issues on which they cannot agree. To declare that all partial settlements that result in *332 dismissal of a suit with prejudice necessarily preclude a subsequent action to pursue remaining rights, which are specifically reserved, would tend to discourage compromises."
We hold, therefore, that the release by compromise of Hillman in his capacity as deputy sheriff did not preclude plaintiffs from reserving their rights against him as marshal of the town of Boyce. Thus, the suit may proceed against Hillman and the town of Boyce.
For the reasons assigned, the judgment of the Court of Appeal granting a summary judgment in favor of defendants is reversed and set aside; the judgment of the district court sustaining defendants' exception of no cause of action is overruled; and the case is remanded to the district court for trial on the merits.
DIXON, J., concurs, being of the opinion that splitting a cause of action is not an issue.
DENNIS, J., concurs in the result.
NOTES
[1] 42 U.S.C. § 1983:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."