EDWARDS, Judge.
Plaintiffs appeal the trial court's dismissal of their action on an exception of res judicata. We reverse and remand.
Ronald Hairford and Christine Edmond were involved in an accident while guest passengers in a car owned and driven by Dennis Granger. Prior to the accident, Granger had leased the car to Ronald Hair-ford. Consequently at the time of the accident the car was covered by two liability insurance policies: one issued by State Farm Mutual Automobile Insurance Company to Dennis Granger, and another, issued by Allstate Insurance Company to Ronald Hairford.
On March 17,1986, Ms. Edmond and Mr. Hairford each settled with and released Allstate, Ronald Hairford, and Dennis Granger. The release agreement did not include a reservation of rights against any other parties. Then after the release, each plaintiff filed a lawsuit against Granger and his insurer, State Farm, and the cases were consolidated by the trial court.
Dennis Granger and State Farm filed exceptions of res judicata, claiming that the release barred plaintiffs’ suits against them. The trial court maintained the exceptions, and dismissed plaintiffs’ actions against Granger and State Farm. Plaintiffs now appeal that judgment insofar as it dismissed State Farm.
The defense of compromise is properly raised through the exception of res judicata. Orgeron v. Loop, Inc., 433 So.2d 278, 280 (La.App. 1st Cir.1983). For the objection of res judicata to be well founded, each of the following elements must be present: (1) an identity of the thing demanded; (2) the same cause of action; and, (3) the same parties appearing in the same quality. LSA-R.S. 13:4231. The absence of any of these elements is fatal to a claim of res judicata. Morris v. Fleniken, 473 So.2d 319, 320 (La.App. 1st Cir.1985).
Since the only parties to the release in question were Edmond, Hairford, Granger and Allstate, the required identity of parties for res judicata is missing. A party claiming res judicata based on a compromise agreement must have been a party to the compromise.^ See id. State Farm was not a party to the compromise, and accordingly the trial court erred in maintaining the exception of res judicata.
Pointing out that it is only obligated to pay what its insured, Dennis Granger, becomes liable to pay, State Farm also argues that because plaintiffs released Mr. Granger, the very nature of the obligation, i.e., the insurance contract, precludes any obligation on its part in favor of plaintiffs. See LSA-C.C. art. 1801. This argument, however, is not properly raised on an exception of res judicata, and consequently we do not address it.
For the foregoing reasons, the judgment of the trial court maintaining the exception of res judicata and dismissing plaintiffs' actions against State Farm is reversed, and the case is remanded for further proceedings consistent with this opinion. All costs of this appeal are to be borne by appellee.
REVERSED AND REMANDED.