534 So.2d 126 (1988)
Ronald James MALLET, Plaintiff-Appellant,
v.
CREDO OIL & GAS, INC., Gary Oil Company and CRC Holston, Inc., Defendant-Appellee.
No. 87-883.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
Writ Denied January 20, 1989.
*127 Darrell J. Hartman, Abbeville, for plaintiff-appellant.
Michael W. Fontenot, Lafayette, Plauche, Smith & Nieset, Allen L. Smith, Woodley, Barnett, Clayton David, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Plaintiff, Ronald James Mallet, was injured in an oil field accident on June 5, 1983. One year later he filed a petition for damages against several defendants and subsequently added other defendants by amending his petition. He now appeals the trial court's grant of peremptory exceptions to two of those defendants, Canal Insurance Company and Rockwood Insurance Company (Canal and Rockwood). We reverse.
Mallet initially filed suit against Credo Oil and Gas, Inc. and Gary Oil Co., as lessees and operators of the oil rig where he was injured, and against CRC Holston, Inc. as owner of that rig. Liberty Mutual Insurance Co. filed a petition of intervention seeking to recover payments made to Mallet under a Worker's Compensation policy issued to Mallet's employer, Jett Testers, Inc. Credo Oil and Gas, Inc. filed a motion for summary judgment contending that it was Mallet's statutory employer and that his exclusive remedy was in worker's compensation. That motion was denied by the trial court.
On September 12, 1986, Mallet filed a "Motion and Order for Partial Judgment of Dismissal" which was signed by the trial judge. In this instrument Mallet stated that he had learned that Gary Oil Co. had been placed in bankruptcy and he desired that it be dismissed from the lawsuit. Mallet then reserved "all rights and causes of action against Credo Oil & Gas, Inc., CRC Holston, Inc., Vigilant Insurance Company *128 and Canal Insurance Company, and any other parties who may be made defendants herein, should plaintiff's original petition require amendment." On the same date plaintiff amended his original petition to add as defendants Vigilant Insurance Co. as insurer of Credo Oil and Gas, Inc., and Canal as insurer of Gary Oil Co. On September 22, 1986, Mallet further amended his original petition to state a claim by his wife and four (4) children for loss of consortium. Finally, on October 7, 1986, Mallet amended his original petition to add as a defendant, Rockwood, as primary insurer of Gary Oil Co. and to revise his claim against Canal to reflect that it was Gary Oil Co.'s excess insurer.
On March 12, 1987, Rockwood filed a peremptory exception of prescription and peremptory exceptions of no cause and/or no right of action and res judicata. On April 23, 1987, Rockwood's exception of no cause of action was granted by the trial court. The court stated that the exceptions of no right of action and res judicata were moot and referred the exception of prescription to trial on the merits. On June 3, 1987, Canal filed similar peremptory exceptions. The trial court likewise granted Canal's exception of no cause of action on June 26, 1987. Mallet now appeals the grant of these exceptions to Canal and Rockwood.
On appeal Mallet contends that the trial court erroneously held that he had no cause of action against Canal and Rockwood after their insured had been dismissed from the lawsuit. He claims that their liability is solidary with their insured's and that suit directly against them is allowed under the Louisiana Direct Action Statute, LSA-R.S. 22:655. He further claims that since he reserved his rights against them in the instrument dismissing the insured, he still has a cause of action against them to redress his injuries.
Rockwood and Canal claim that any legal obligation of Gary Oil Co. was extinguished when plaintiff released it with prejudice. They argue that this release serves as a final judgment and any rights against Gary Oil Co. have been waived.[1] They further argue that since there is no longer a claim against Gary Oil Co., they can no longer be exposed to any liability to plaintiff.

DIRECT ACTION
The Louisiana Direct Action Statute, La. R.S. 22:655, provides (in pertinent part):
"The injured person or his or her survivors or heirs hereinabove referred to, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido ..."
As insurers, both Canal and Rockwood are solidary obligors with the insured, Gary Oil Co. Pearson v. Hartford Accident & Indemnity Co., 281 So.2d 724 (La.1973). We note that although Canal and Rockwood are solidarily liable with Gary Oil Co., they are not solidarily bound to each other. See Lipps v. Bernstein, 508 So.2d 178 (La.App. 4th Cir.), reversed in part on other grounds, 512 So.2d 426 (La. 1987). Mallet specifically reserved rights against Canal "and any other parties who may be made defendants." Formerly, under La.C.C. art. 2203, such a reservation of rights was required to proceed against a defendant who was solidarily liable with the released party. Sampay v. Morton Salt Co., 395 So.2d 326 (La.1981). This requirement has been legislatively abolished. La.C.C. art. 1803; Weber v. Charity Hospital of Louisiana, 475 So.2d 1047 (La. 1985). Under both the old Article 2203 and the present Article 1803, Mallet's rights against Canal and Rockwood would be protected.

*129 DISMISSAL WITH PREJUDICE
The motion for partial dismissal, filed by Mallet and signed by the trial judge, is termed a "Motion and Order for Partial Judgment of Dismissal." It states (in pertinent part):
"On motion of plaintiff, RONALD JAMES MALLET, through his undersigned counsel of record, and on suggesting to this Honorable Court, that it has come to plaintiff's attention that GARY OIL COMPANY, one of the defendants named herein, has been placed in bankruptcy, and therefore, plaintiff desires to dismiss all demands against GARY OIL COMPANY filed herein, but reserving unto him all rights and causes of action against CREDO OIL & GAS, INC., CRC HOLSTON, INC., VIGILANT INSUANCE COMPANY and CANAL INSUANCE COMPANY, and any other parties who may be made defendants herein, should plaintiff's original petition require amendment;
IT IS ORDERED that the above numbered and [sic] cause be and it is hereby dismissed with full and complete prejudice to the rights of plaintiff, RONALD JAMES MALLET, against defendant, GARY OIL COMPANY, but reserving to plaintiff all rights and causes of action against CREDO OIL & GAS, INC., CRC HOLSTON, INC., VIGILANT INSUANCE COMPANY and CANAL INSUANCE COMPANY, and any other parties who may be made defendants herein, should plaintiff's original petition require amendment."
Although the release of Gary Oil Co. was "with prejudice," it is clear that plaintiff had no intention of releasing the insurers of Gary Oil Co. The general rule is that no one is presumed to have renounced his rights against others unless it appears that he clearly intended to do so. Weber v. Charity Hospital of Louisiana, 475 So.2d at 1051. "The intent of the obligee to reserve rights against unreleased solidary obligors may be expressed by any language in the agreement which manifests an intent not to abandon any other claims." Id.
Honeycutt v. Town of Boyce, 341 So.2d 327 (La.1976), involved the applicability of La.C.C.P. Art. 425 (prohibition against an obligee splitting a cause of action) in a situation where the plaintiff had already reached a settlement and release agreement with the defendant. Although factually dissimilar and concerned with a different issue than our case, we find some of the language used by that court to be relevant. In quoting from Carney v. Hartford Accident & Indemnity Co., 250 So.2d 776 (La.App. 1st Cir.1971),[2] the Honeycutt court stated:
"It is well settled that the law favors compromise and voluntary settlement of disputes out of court with the attendant saving of time and expense to both the litigants and the court. These same reasons compel favorable consideration of compromises of pending litigation. It is common knowledge that the institution of law suits frequently leads to compromise of the underlying dispute thus terminating the litigation. A compromise need not necessarily settle all differences between parties. Disputants frequently settle some of their differences and mutually consent to litigate remaining issues on which they cannot agree. To declare that all partial settlements that result in dismissal of a suit with prejudice necessarily preclude a subsequent action to pursue remaining rights, which are specifically reserved, would tend to discourage compromises."
Id. at 331-332.
We do not find this dismissal "with prejudice" to be fatal to plaintiff's claims against Canal and Rockwood as insurers of Gary Oil Co. We agree with Canal and Rockwood that they cannot be independently liable without Gary Oil Co. first being found liable. We also agree that the dismissal with prejudice of Gary Oil Co. terminates plaintiff's rights against *130 it. However, we do not agree with Canal and Rockwood's contention that plaintiff may not pursue his claim against them. Plaintiff's intention in releasing Gary Oil Co. was made clear. He intended to release it due to its financial problems. He specifically reserved his rights against Canal. He also reserved rights against "any other parties who may be made defendants." This demonstrates plaintiff's intent to reserve his rights against other potentially liable insurers, etc. (i.e. Rockwood). We find that the language used by plaintiff in the partial dismissal of Gary Oil Co. clearly showed his intent not to release its insurers). We point out that under the Direct Action Statute cited herein, plaintiff had the option of filing suit solely against Gary Oil Co.'s insurers. We thus hold that the dismissal of Gary Oil Co. with prejudice due to the company's insolvency does not result in the dismissal of plaintiff's claim against its insurers when those rights are adequately reserved in the Partial Dismissal Order.
The judgments by the trial court granting the peremptory exceptions of no cause of action of Canal and Rockwood are hereby reversed and this case is remanded to the trial court for further proceedings. Costs of this appeal are taxed to defendants, Canal and Rockwood.
REVERSED AND REMANDED.
NOTES
[1] Rockwood and Canal refer to La.C.C.P. Arts. 1673 and 1841 which provide (in pertinent part):

Art. 1673:
"A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial."
Art. 1841:
"A judgment that determines the merits in whole or in part is a final judgment."
[2] Carney similarly involved the applicability of La.C.C.P. art. 425 to a settlement and release situation.