657 So.2d 1363 (1995)
Cheryl D. RODRIGUEZ, Individually, and as Natural Tutrix of the Minor Children, Daniel Joseph Rodriguez, Jr. and Pamela Rodriguez; Jeanne Gierlinski Williams, as Natural Tutrix of the Minor Children, Kreshelle Lynn Rodriguez; Danielle Joann Rodriguez; Angelle Monique Rodriguez; and Amber Lynn Myers
v.
LOUISIANA TANK, INC., Raymond L. Guidry, James L. Arceneaux, and Shelter Mutual Insurance Company.
No. 94 CA 0200.
Court of Appeal of Louisiana, First Circuit.
June 23, 1995.
Rehearing Denied August 17, 1995.
*1364 Joseph Waitz, Houma, for plaintiffs-appellants Cheryl D. Rodriguez, et al.
Amos Davis, Baton Rouge, for defendant-appellee Shelter Mut. Ins. Co.
H. Lee Leonard, Lafayette, for defendants James Arceneaux and Planet Ins. Co.
Toxie L. Bush, Abbeville, for defendant Raymond Guidry, Sr.
Marsha Hopper, Metairie, for defendant Louisiana Tank, Inc.
Before EDWARDS, Judge Pro Tem., and LEBLANC and PITCHER, JJ.[1]
PITCHER, J.
Plaintiffs[2] appeal from the judgment of the trial court granting defendants' motion for summary judgment and sustaining defendants' exception pleading the objection of res judicata. We reverse and remand.

PROCEDURAL HISTORY
On March 31, 1991, Daniel Rodriguez was killed in an automobile accident in which his motor vehicle collided with a truck driven by James L. Arceneaux (Arceneaux). At the time of accident, Arceneaux was operating a truck for his employer, Prudhomme Truck Tank Service, Inc. (Prudhomme). Planet Insurance Company (Planet) was the insurer for Prudhomme.
It was alleged that Arceneaux was attempting to pass a truck driven by Raymond L. Guidry (Guidry) when the collision occurred. At the time of the accident, Guidry was operating a truck for his employer, Louisiana Tank, Inc.
On December 23, 1991, plaintiffs entered into a settlement agreement, entitled "Receipt and Release", whereby they received six hundred sixty-six thousand six hundred and sixty-six dollars and 66/100ths ($666,666.66), a lump sum paid to them by Planet, Prudhomme, and Arceneaux. In exchange, plaintiffs agreed to release Planet, Prudhomme, and Arceneaux from any claims arising from "... the incident or accident which occurred on or about March 31, 1991, in the Parish of Assumption, State of Louisiana, *1365 when a collision occurred between the motor vehicle being driven by James Arceneaux and a motor vehicle being driven by Daniel J. Rodriguez, Sr., on U.S. Highway 90 about one half mile east of Amelia, Louisiana...."
The settlement agreement also stated that the amounts received by plaintiffs were in a full, final and complete compromise settlement of all claims asserted by plaintiffs against Planet, Prudhomme, and Arceneaux in suits entitled as follows:
1) "Cheryl D. Rodriguez, Individually and as Natural Tutrix of the Minor Children, Daniel Joseph Rodriguez, Jr., and Pamela Rodriguez; Jeanne Gierlinski Williams, as Natural Tutrix of the Minor Children, Danielle Joann Rodriguez and Kreshelle Lynn Rodriguez; Angelle Monique Rodriguez; Amber Lynn Myers; Terry K. Rivero, Individually and as Natural Tutrix of the Minor Child, Reggie Paul Rivero; Rosalyn Rivero Pitre; Gwen Foret Daigle, Individually and as Natural Tutrix of the Minor Children, Jacob Daigle and Jessica Daigle v. Prudhomme Truck Tank Service, Inc.", bearing docket number 29,827, and pending in the 79th Judicial District Court in and for Jim Wells County, State of Texas; and
2) "Cheryl D. Rodriguez, Individually, and on Behalf of the Minors, Daniel Joseph Rodriguez and Pamela Rodriguez v. James L. Arceneaux, Prudhomme Truck Tank Service, Inc., and Planet Insurance Company", bearing docket number 20,503, and pending in the 23rd Judicial District Court in and for the Parish of Assumption, State of Louisiana.
The settlement agreement also specifically reserved any and all rights which plaintiffs may have against "... the personal insurance carrier and/or carriers of James L. Arceneaux, (other than carriers which may extend coverage to James L. Arceneaux through policies issued to Prudomme [sic] Truck Tank Service, Inc., such as Planet Insurance Company), it being specifically understood and agreed between and among the parties that James L. Arceneaux is personally and otherwise fully released...."[3]
Thereafter, on March 30, 1992, plaintiffs filed suit for damages caused by the accident of March 31, 1991. Named as defendants were Arceneaux; Shelter Mutual Insurance Company (Shelter), as Arceneaux's insurer; Raymond L. Guidry (Guidry); and Louisiana Tank, Inc. (Louisiana Tank), Guidry's employer. The petition was later amended to name as a defendant United States Fidelity and Guaranty Company (U.S. Fidelity). The petition made no mention of the settlement agreement previously entered into nor did it mention any of the parties and their relationship or involvement with the accident in question.
On April 23, 1992, Arceneaux and Shelter answered the petition, denying all of the allegations contained therein.
On June 22, 1992, Louisiana Tank filed a dilatory exception pleading the objection of lack of procedural capacity, contending that Cheryl Rodriguez and Jeanne Gierlinski Williams lacked the procedural capacity to institute and prosecute this suit on behalf of the minors because they failed to allege in the petition that they had been duly qualified by the court as the natural tutrix for their children.[4]
On January 19, 1993, plaintiffs filed answers to interrogatories and request for production of documents, propounded by Shelter and Arceneaux on November 19, 1992. Attached was a copy of the settlement agreement executed on December 23, 1991. Also attached was a copy of the record of the tutorship proceedings in which Cheryl Rodriguez and Jeanne Gierlinski Williams obtained a judgment authorizing them to settle the claims against Planet, Prudhomme and Arceneaux.[5]
*1366 On March 18, 1993, Shelter and Arceneaux filed a motion to compel, asking that plaintiffs be compelled to respond to the interrogatories and request for production of documents propounded on November 19, 1992. Shelter and Arceneaux were apparently unaware that plaintiffs had filed an answer in the record on January 19, 1993.
On March 29, 1993, Shelter and Arceneaux answered the first supplemental and amending petition, denying all of the allegations contained therein. Shelter and Arceneaux further asserted peremptory exceptions pleading the objections of no cause of action and res judicata because of the previous settlement agreement. On this date, Arceneaux also filed a third party demand against Planet. Arceneaux alleged that as the insurer of Prudhomme, his employer, Planet owed him a defense and indemnity.
On June 14, 1993, Planet answered Arceneaux's third party demand and admitted that Arceneaux was employed by Prudhomme, but contested the other allegations.
Louisiana Tank and United States Fidelity answered the petitions and filed a cross-claim against Arceneaux and Shelter for indemnity and/or contribution. Arceneaux and Shelter answered by claiming that there was no cause of action because "Arceneaux and Shelter" had been dismissed by plaintiffs.
On April 22, 1992, Shelter and Arceneaux[6] filed a motion for summary judgment and a peremptory exception pleading the objection of res judicata, contending that because the insured (Arceneaux) had been released from the suit, they, as his insurer, should also be released.
On September 20, 1993, the trial court issued written reasons for judgment which stated that the motion for summary judgment was granted, and the exception pleading the objection of res judicata was sustained, on July 19, 1993, the date of the hearing. The judgment was signed on September 20, 1993 and was in favor of both Shelter and Arceneaux, even though Arceneaux had been dismissed from this lawsuit on plaintiffs' motion on July 17, 1993.
Plaintiffs have appealed alleging the following assignments of error for our review:
1.
The trial court committed an error of law in sustaining defendant's Motion for Summary Judgment.
2.
The trial court committed an error of law in sustaining defendant's Exception of Res Judicata.

ASSIGNMENT OF ERROR NUMBER ONE
Through this assignment of error, plaintiffs contend that the trial court erred in granting the motion for summary judgment.
LSA-C.C.P. art. 966 provides, in pertinent part:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed....
B.... The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
*1367 In granting the motion for summary judgment, the trial court first ruled that because Arceneaux and Shelter were solidary obligors, the release of Arceneaux also effected a release of his insurer, Shelter. The trial court relied on LSA-C.C. art. 1803 which provides, in pertinent part:
Remission of debt by the obligee in favor of one obligor, or a transaction or compromise between the obligee and one obligor, benefits the other solidary obligors in the amount of the portion of that obligor.
LSA-C.C. art. 1804 further provides, in part, as follows:
Among solidary obligors, each is liable for his virile portion. If the obligation arises from a contract or quasi-contract, virile portions are equal in the absence of agreement or judgment to the contrary. If the obligation arises from an offense or quasi-offense, a virile portion is proportionate to the fault of each obligor.
In its reasons for judgment, the trial court determined that the obligation between Arceneaux and Shelter arose from an offense or quasi-offense. The trial court then reasoned that as between Arceneaux and Shelter, only Arceneaux was at fault; therefore, his virile portion was 100%.
We believe that the trial court erred in its determination that the obligation between Arceneaux and Shelter arose from an offense or quasi-offense. It is under the Direct Action Statute that the insurer is liable to the claimant in solido with its insured. Danzy v. United States Fidelity & Guaranty Company, 380 So.2d 1356, 1360 (La.1980).
It has been recognized that the release of the insured does not release the insurer. Danzy v. United States Fidelity & Guaranty Company, 380 So.2d at 1360; Cunningham v. Hardware Mutual Casualty Company, 228 So.2d 700, 703 (La.App. 1st Cir.1969)[7]. However, in the case at hand, the release of the insured occurred before suit was brought against the insurer. Thereafter, plaintiffs named the insured as a defendant, along with his insurer, apparently in an attempt to comply with the dictates of the Direct Action Statute.[8]
The Direct Action statute, LSA-R.S. 22:655, as amended by Act 934 of 1988, provides, in pertinent part, as follows:
B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, such action may be brought against the insurer alone only when:
(a) The insured had been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
(b) The insured is insolvent;
(c) Service of citation or other process cannot be made on the insured;
(d) When the cause of action is for damages as a result of an offense or quasi-offense *1368 between children and their parents or between married persons; or
(e) When the insurer is an uninsured motorist carrier.
(f) The insured is deceased.
Under the facts before us, we find that plaintiffs have complied with LSA-R.S. 22:655. The statute provides that a direct action be brought against an insurer alone or against both the insured and the insurer jointly and in solido. In the present case, the action was brought against the insured (Arceneaux) and the insurer (Shelter).
Plaintiffs clearly intended to reserve their rights against Arceneaux's insurer, Shelter, and should not now be precluded from asserting these rights. See Honeycutt v. Town of Boyce, 341 So.2d 327 (La.1976)[9]. As noted by the court in Honeycutt v. Town of Boyce, 341 So.2d at 331-332:
It is well settled that the law favors compromise and voluntary settlement of disputes out of court with the attendant saving of time and expense to both the litigants and the court. These same reasons compel favorable consideration of compromises of pending litigation. It is common knowledge that the institution of law suits frequently leads to compromise of the underlying dispute thus terminating the litigation. A compromise need not necessarily settle all differences between parties. Disputants frequently settle some of their differences and mutually consent to litigate remaining issues on which they cannot agree. To declare that all partial settlements that result in dismissal of a suit with prejudice necessarily preclude a subsequent action to pursue remaining rights, which are specifically reserved, would tend to discourage compromise.
Therefore, we find that the trial court erred in granting the motion for summary judgment.

ASSIGNMENT OF ERROR NUMBER TWO
Through this assignment of error, plaintiffs contend that the trial court erred in sustaining the exception pleading the objection of res judicata[10].
The peremptory exception raising the objection of res judicata is authorized by LSA-C.C.P. art. 927(2). The essential elements of res judicata are found in LSA-R.S. 13:4231 which provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the *1369 time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
LSA-C.C. art. 3071 defines compromise as "... an agreement between two or more person, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner in which they agree on...." Compromises have a force equal to the authority of things adjudged. See LSA-C.C. art. 3078; Hannie v. Wall, 569 So.2d 1044, 1049 (La.App. 3rd Cir.1990).
In Edmond v. Granger, 521 So.2d 627 (La. App. 1st Cir.), writ denied, 522 So.2d 573 (La.1988), the insurer presented an argument similar to the one set forth in this case. In Edmond v. Granger, the insurer argued that because it was only obligated to pay what its insured became liable to pay, once the insured had been released, the nature of the obligation precluded any obligation on its part in favor of plaintiffs. This court concluded that this argument was not properly raised on an exception of res judicata. Edmond v. Granger, 521 So.2d at 628.
A party claiming res judicata based on a compromise agreement must have been a party to the compromise. Edmond v. Granger, 521 So.2d at 628. Because Shelter was not a party to the compromise, the trial court erred in maintaining the exception pleading the objection of res judicata.

CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the motion for summary judgment is reversed[11]. The judgment of the trial court maintaining the exception pleading the objection of res judicata is also reversed. This case is remanded to the trial court for further proceedings consistent with this opinion. All costs of this appeal are to be borne by Shelter.
REVERSED AND REMANDED.
NOTES
[1] Judge Wallace Edwards, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Collectively, plaintiffs are Cheryl Rodriguez, individually and as natural tutrix for Daniel Joseph Rodriguez, Jr. and Pamela Rodriguez; Jeanne Gierlinski Williams, as natural tutrix for Kreshelle Lynn Rodriguez; Danielle Joann Rodriguez; Angelle Monique Rodriguez and Amber Lynn Myers.
[3] The settlement agreement also reserved any and all rights against Raymond Guidry, Guidry's employer, Louisiana Tank, Inc., and their insurers, all of whom are defendants in the case before this court.
[4] The record before us does not contain the minutes of the lower court; therefore, we are unaware of the court's ruling on this exception.
[5] This judgment is dated January 8, 1992, after the settlement was executed.
[6] Although Arceneaux's name is not listed as a party in the motion for summary judgment and exception of res judicata, the order setting the hearing date and the memorandum in support of the motion and exception both list Arceneaux's name as a party.
[7] Both of these cases involved the application of former LSA-C.C. art. 2203, now LSA-C.C. art. 1803, which provided, in pertinent part:

The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
In the Danzy case, the plaintiff had released the insured, but the compromise settlement contained no express reservation of rights against any party, including the insurer. In the Cunningham case, plaintiffs had released the insured, but had expressly reserved their rights against the insurer.
[8] The record reflects that the insurer (Shelter) did not fall within any of the exceptions enumerated in LSA-R.S. 22:655, which would allow an action to be brought against the insurer (Shelter) alone.
[9] In the Honeycutt case, Merlin Honeycutt had allegedly been shot by Jim Hillman in front of the post office in Boyce, Louisiana. At the time of the shooting, Hillman was acting as deputy sheriff and was serving an arrest warrant on Honeycutt. Honeycutt's widow and two children filed suit in federal court, claiming several defendants, including Hillman, had violated their civil rights under 42 U.S.C. § 1983. Plaintiffs subsequently settled the suit with the sheriff, his insurer, his agents, servants, successors, and assigns, the Louisiana Sheriff's Association.

Plaintiffs also released Hillman "in his capacity as Deputy Sheriff in and for the Parish of Rapides." Thereafter, plaintiffs filed a suit in tort in state court against the town of Boyce and Hillman, alleging that the town was liable for the actions of Hillman under the theory of respondeat superior because Hillman was acting in his capacity as marshal of the town and serving an arrest warrant on Honeycutt.
The Louisiana Supreme Court overruled the judgment of the trial court sustaining defendants' exception of no cause of action, holding that "... the release by compromise of Hillman in his capacity as deputy sheriff did not preclude plaintiffs from reserving their rights against him as marshal of the town of Boyce." Honeycutt v. Town of Boyce, 341 So.2d at 332.
[10] In sustaining the exception pleading the objection of res judicata, the trial court cited Hannie v. Wall, 569 So.2d 1044 (La.App. 3rd Cir. 1990) for the position that the insured and insurer not only share the same qualities as parties, but in essence, their identities are virtually merged into one, to the extent of the policy limits. We find this case to be factually distinguishable in that the insurer had been specifically mentioned as a person against whom plaintiff was releasing any and all liability.
[11] The judgment of the trial court is reversed as to Shelter Mutual Insurance Company. The trial court's dismissal of Arceneaux, pursuant to plaintiff's motion, is not before this court.