935 So.2d 696 (2006)
Tonya BOATMAN
v.
Doug GORMAN and State Farm Mutual Insurance Company.
No. 2005 CW 1369.
Court of Appeal of Louisiana, First Circuit.
February 7, 2006.
*697 Before: CARTER, C.J., DOWNING, and GAIDRY, JJ.
PER CURIAM.
This matter is before the Court on an application for supervisory writs wherein USAgencies Casualty Insurance Company, Inc. seeks review of the trial court's judgment dismissing its exception of no right of action.

FACTS:
Plaintiff, Tonya Boatman, filed suit on November 21, 2002, against Doug Gorman and State Farm Mutual Casualty Insurance Company ("State Farm") as Gorman's insurer, seeking damages arising from a February 19, 2002 motor vehicle accident.[1] It is undisputed that on March 10, 2003, Ms. Boatman settled with State Farm and signed a release discharging Gorman, Chad Rivere, and State Farm with no reservation of rights. The release stated in pertinent part:
[T]he undersigned hereby releases and forever discharges . . . Chad F. Rivere. . ., [his] heirs, executors, administrators, agents and assigns, and all other persons, firms, or corporations liable or, who might be claimed to be liable. . . from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever,. . . which have resulted or may in the future develop from [the] accident . . . Undersigned hereby declares that the terms of this settlement have been ... voluntarily accepted for the purpose of making a full and final compromise, adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages . . ., and for the express purpose of precluding forever any further or additional claims arising out of the . . . accident.. . . .
Plaintiff amended her original petition on April 2, 2003, to add as defendants Doug Jackson, owner of the vehicle in which she was a guest passenger, and USAgencies Casualty Insurance Company ("USAgencies") as the uninsured motorist insurer for Jackson.[2] On November 24, 2003, plaintiff filed a Partial Motion to Dismiss with Reservation of Rights dismissing Gorman and State Farm Mutual Insurance Company with prejudice and reserving all rights against USAgencies and any other parties, whether named or unnamed.[3] On August 27, 2004, plaintiff filed a Third Amended Petition making USAgencies a defendant "through their insured, Chad Revere (sic), via direct action pursuant to the Direct Action Statute. . . which provides that an injured party, at his option, shall have a right of direct *698 action against the insurer within the terms and limits of the policy."
USAgencies then filed an exception of no right of action under the Direct Action statute seeking dismissal, alleging that plaintiff failed to join the insured as a party or to meet the exceptions provided under the statute to name an insurer without joining the insured as a party. The trial court dismissed the exception, stating that it did so, "considering the law within the confines of Rodriguez v. Louisiana Tank, Inc., 657 So.2d 1363 (La.App. 1st Cir.6/23/95); writ denied, 663 So.2d 739 (La.1995), and Sumrall v. Bickham, XXXX-XXXX (La.App. 1st Cir.9/8/04), 887 So.2d 73; writ denied, 2004-2506 (La.1/7/05), 891 So.2d 696."

DISCUSSION:
The settlement released Chad Rivere, the insured, without any reservation of rights against USAgencies, his insurer. Although defendants Gorman and State Farm were specifically dismissed, Chad Rivere was not mentioned in plaintiff's Partial Motion to Dismiss with Reservation of Rights against USAgencies and any other parties, whether named or unnamed. Apparently, since Rivere was never named in the petition as a defendant and had been released in the settlement documents, once the insured was released, there was no cause of action against him or his insurer, USAgencies, under the express terms of the release.
This Court can notice the objection of no cause of action on its own motion. Having found no cause of action in the instant case because of the lack of a proper reservation of rights in the settlement agreement, this Court pretermits a discussion of the trial court's ruling on the exception urging the objection of no right of action. This Court hereby grants the writ application based on no cause of action and dismisses the suit as to USAgencies.
WRIT GRANTED.
NOTES
[1] Chad Rivere was the driver of the vehicle, which was owned by Gorman, his employer. Although Rivere is not named as a defendant, plaintiff's original petition alleges that his negligence caused the accident and that State Farm Mutual Casualty Insurance Company's policy covered his actions.
[2] USAgencies notes that the amendment sought a claim against it only as Doug Jackson's insurer.
[3] It should be noted that plaintiff's Partial Motion to Dismiss with Reservation of Rights does not mention Chad Rivere. USAgencies contends that, at the time of the dismissal, it was a defendant to the suit only as Doug Jackson's uninsured motorist carrier and that it had not been named as Chad Rivere's liability insurer.